Opinion
 

 GILBERT, Acting P. J.
 

 A subcontractor and a prime contractor on a public works project have a dispute. Their agreement provides that disputes be resolved by way of arbitration. Here we hold that the subcontractor’s suit against the prime contractor’s surety must be stayed until completion of the arbitration.
 

 Procedural and Factual Background
 

 David Mackey, real party in interest, was a subcontractor on a public works project. He had a dispute with the prime contractor Hedley Builders, Inc. (Hedley) over money allegedly owed him for his work on the project. Mackey filed an action against Hedley and petitioners Federal Insurance Company and Vigilant Insurance Company (hereinafter referred to as the carriers). A provision in Hedley’s subcontract with Mackey required arbitration of any claim or dispute. Hedley petitioned respondent superior court to compel arbitration and for a stay of the action pending the resolution of arbitration. Respondent court ordered the arbitration of the Hedley-Mackey dispute and stayed the action as to Hedley.
 

 Instead of arbitrating his dispute with Hedley, Mackey filed his first amended complaint and served the carriers with requests for discovery. Respondent superior court denied the carriers’ motion for a stay.
 

 The carriers sought relief by way of an extraordinary writ from this court. They asserted that a stay is mandatory because Mackey’s claim upon the bond involves issues to be decided in the arbitration proceeding. We granted an alternative writ of mandate.
 

 Discussion
 

 The Sureties
 

 Unlike private works contracts, an unpaid subcontractor on a public works project may not seek recovery from the real property. “[P]rinciples of
 
 *1373
 
 sovereign immunity do not permit liens for persons furnishing labor or supplies on public property . . .
 
 (Department of Industrial Relations
 
 v.
 
 Seaboard Surety Co.
 
 (1996) 50 Cal.App.4th 1501, 1508 [58 Cal.Rptr.2d 532].) In the place of a lien, the unpaid subcontractor may proceed against the general contractor by way of the payment bond requirements of Civil Code section 3247 et seq. These statutes “ ‘give to materialmen and laborers who furnish material for and render services upon public works an
 
 additional means of receiving
 
 compensation.’ [Citation.]” (50 Cal.App.4th at p. 1508.)
 

 In the usual case, a claim against a surety derives from the primary action.
 
 (Powers Regulator Co.
 
 v.
 
 Seaboard Surety Co.
 
 (1962) 204 Cal.App.2d 338, 354 [22 Cal.Rptr. 373] [the determination of a subcontractor’s claim against a prime contractor is a condition precedent to any recovery on the insurance bond].) The arbitration proceedings will determine the validity of Mackey’s claim.
 

 Mackey, however, seeks to avoid this rule. He asserts that a claim against an insurance bond initiated by a subcontractor in a public works project need not depend upon the claimant’s success against the prime contractor.
 

 It is true that Mackey is entitled to maintain a direct action against the sureties. (Civ. Code, § 3248, subd. (c);
 
 Union Asphalt, Inc.
 
 v.
 
 Planet Ins. Co.
 
 (1994) 21 Cal.App.4th 1762, 1766 [27 Cal.Rptr.2d 371];
 
 Sukut-Coulson, Inc.
 
 v.
 
 Allied Canon Co.
 
 (1978) 85 Cal.App.3d 648, 654-655 [149 Cal.Rptr. 711].) This remedy, however, does not allow him to circumvent arbitration.
 

 The carriers’ liability under the bond will arise only if the contractor fails to pay for work performed under the contract. (Civ. Code, § 3248, subd. (b).) It is Mackey’s demand for payment for labor and materials furnished at the project site that lies at the heart of this proceeding. Mackey’s claim necessarily involves the determination of whether he is entitled to be paid for the labor and materials.
 
 (Powers Regulator Co.
 
 v.
 
 Seaboard Surety Co., supra,
 
 204 Cal.App.2d at p. 354.) Mackey must prove that he performed under the contract and that Hedley breached the contract. He will have an opportunity to do so at his arbitration hearing.
 

 Wm. R. Clarke Corp.
 
 v.
 
 Safeco Ins. Co.
 
 (1997) 15 Cal.4th 882 [64 Cal.Rptr.2d 578, 938 P.2d 372] does not help Mackey.
 
 Clarke
 
 holds that a “pay if paid” provision of an agreement between a contractor and a subcontractor, which makes payment contingent upon the owners paying the contractor, is void as against public policy. If the owner fails to pay the contractor, then the contractor is still liable to the subcontractors and, therefore, the surety is likewise liable on the payment bond.
 

 
 *1374
 

 Clarke
 
 mentions that its conclusion that the surety is liable “is in no way inconsistent” with the proposition stated in both
 
 Flickinger
 
 v.
 
 Swedlow Engineering Co.
 
 (1955) 45 Cal.2d 388 [289 P.2d 214] and
 
 Lewis & Queen
 
 v.
 
 N. M. Ball Sons
 
 (1957) 48 Cal.2d 141 [308 P.2d 713], “that a claimant on a labor and material payment bond must ‘establish[], without reference to the bond, a legal and valid claim for compensation.’ ”
 
 (Wm. R. Clarke Corp.
 
 v.
 
 Safeco Ins. Co., supra,
 
 15 Cal.4th at p. 895.)
 
 Capitol Steel Fabricators Inc.
 
 v.
 
 Megal Construction Co., Inc.
 
 (1997) 58 Cal.App.4th 1049 [68 Cal.Rptr.2d 672] arrives at the same conclusion.
 

 Mackey repeatedly argues that the elements of his claims against Hedley differ from the elements of his claims against the carriers. He supplies no factual support for this contention. Moreover, this argument is belied by the allegations contained in his first amended complaint in which he incorporates by reference allegations that he furnished labor and materials, Hedley breached the contract, and Hedley negligently maintained the jobsite and thereby impaired his ability to fully perform.
 

 Arbitration
 

 Because it is considered to be a speedy and relatively inexpensive method of resolving disputes, there is a strong presumption favoring arbitration.
 
 (Moncharsh
 
 v.
 
 Heily & Blase
 
 (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899];
 
 Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.
 
 v.
 
 100 Oak Street
 
 (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251]; but see
 
 Engalla
 
 v.
 
 Permanente Medical Group, Inc.
 
 (1997) 15 Cal.4th 951 [64 Cal.Rptr.2d 843, 938 P.2d 903].)
 

 Code of Civil Procedure section 1281.4 provides, in pertinent part, that “If a court of competent jurisdiction . . .
 
 has ordered arbitration of a controversy which is an issue involved in an action
 
 or proceeding pending before a court of this State, the court in which such action or proceeding ... is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.” (Italics added.)
 

 The purpose of the statutory stay is to protect the jurisdiction of the arbitrator by preserving the status quo until arbitration is resolved.
 
 (Brock
 
 v.
 
 Kaiser Foundation Hospitals
 
 (1992) 10 Cal.App.4th 1790, 1796 [13 Cal.Rptr.2d 678] [during arbitration “the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration”];
 
 Los Angeles Police Protective League
 
 v.
 
 City of Los Angeles
 
 (1985) 163 Cal.App.3d 1141, 1149 [209
 
 *1375
 
 Cal.Rptr. 890], disapproved on other grounds in
 
 Laurel Heights Improvement Assn.
 
 v.
 
 Regents of University of California
 
 (1988) 47 Cal.3d 376, 427, fn. 28 [253 Cal.Rptr. 426, 764 P.2d 278];
 
 Marcus
 
 v.
 
 Superior Court
 
 (1977) 75 Cal.App.3d 204, 209 [141 Cal.Rptr. 890].)
 

 In the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective.
 
 (Titan/Value Equities Group, Inc.
 
 v.
 
 Superior Court
 
 (1994) 29 Cal.App.4th 482, 488 [35 Cal.Rptr.2d 4].)
 

 Because the Mackey-Hedley dispute is to be heard by an arbitrator, the resolution of this controversy will adjudge “an issue involved in” the action. If this court were to rule otherwise, Mackey would be able to ignore the agreement to arbitrate. Proceedings, therefore, should have been stayed by the trial court. Our decision does not deny Mackey the right to a direct action against the sureties. As Hedley points out, the decision merely delays the action. The surety bonds remain as security for payment.
 

 Mackey asserts that the trial court was vested with the discretion to sever certain issues and thereby limit the stay to those matters which are subject to arbitration. (Code Civ. Proc., § 1281.4;
 
 Cook
 
 v.
 
 Superior Court
 
 (1966) 240 Cal.App.2d 880, 887 [50 Cal.Rptr. 81].) In order to avail oneself of this remedy, a party is required to bring an appropriate motion and to prove that his or her claim is
 
 independent
 
 from the matter in arbitration.
 
 (Ibid.)
 
 Mackey has failed to set forth facts which would suggest that his claim against the carriers is truly independent of the matter in arbitration.
 

 Mackey objects that the carriers waived their right to seek arbitration when they invoked the assistance of the trial court.
 
 (Hennefer
 
 v.
 
 Butcher
 
 (1986) 182 Cal.App.3d 492, 503-504 [227 Cal.Rptr. 318].) The claim of waiver, however, was not raised below. Indeed, it is Mackey who has waived his right to make this argument on appeal.
 
 (Bogacki
 
 v.
 
 Board of Supervisors
 
 (1971) 5 Cal.3d 771, 779-780 [97 Cal.Rptr. 657, 489 P.2d 537].)
 

 Even if Mackey had raised the issue, there was no waiver. Hedley’s attorney concurrently filed a demurrer and a motion for a stay. This was the prudent thing to do. In this manner Hedley’s rights were preserved regardless of how the court ruled.
 

 Let a writ of mandate issue directing respondent superior court to set aside its order dated May 19, 1997, in which it denied the motion for a stay and to enter a new order granting a stay pending resolution of the arbitration.
 

 
 *1376
 
 The alternative writ and temporary stay previously issued by this court, having served their purposes, are dissolved.
 

 Yegan, J., and Coffee, J., concurred.