[No. B136732. Second Dist., Div. Four. Mar. 21, 2000.]

TWENTIETH CENTURY FOX FILM CORPORATION, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PORCHE LOTTERMOSER, Real Party in Interest.

**COUNSEL**

Jeffrey F. Webb and M. Michelle Alvarez for Petitioner.

No appearance for Respondent.

Stephen A. Ebner and C. Stephen Love for Real Party in Interest.

**OPINION**

**HASTINGS, J.**—We issued an alternative writ to review denial of a motion brought by petitioner, Twentieth Century Fox Film Corporation (petitioner),

to stay this action pending outcome of a petition to compel arbitration of the dispute. While we conclude that respondent acted in excess of its power, we have been advised that the facts upon which we based issuance of the alternative writ no longer exist, therefore, we dismiss the petition.

## STATEMENT OF FACTS

On June 10, 1999, Porche Lottermoser, real party in interest, filed in the Los Angeles Superior Court a "Complaint for Damages for Violations of the California Fair Employment and Housing Act (FEHA)," case No. BC211739 (the State Court Action). Petitioner was the sole named defendant. Lottermoser, an employee of petitioner, complained of sexual harassment and discrimination based on sex by one of her supervisors in violation of California Government Code section 12940, subdivisions (h) and (i).

On July 12, 1999, petitioner filed a petition to compel arbitration in the United States District Court for the Central District of California (*Twentieth Century Fox Film Corp. v. Lottermoser*, No. Civ. 99-07114 AHM, JWJx) (the Federal Action). The petition alleged that Lottermoser was a member of the International Alliance of Theatrical Stage Employees and Moving Picture Technicians Union, Laboratory Film/Video Technicians, Local 683 and that a collective bargaining agreement existed between the union and petitioner which required arbitration of employee claims. A copy of the collective bargaining agreement was attached. The petition requested that the court order Lottermoser to submit her claims to arbitration as required by the collective bargaining agreement. The petition was served on Lottermoser's attorney on July 15, 1999, and he acknowledged receipt of the petition on August 30, 1999.

On October 22, 1999, petitioner filed a motion to stay the State Court Action pending resolution of the Federal Action.[1] The motion was based upon Code of Civil Procedure section 1281.4 (see the Discussion, *post*; all further statutory references will be to the Code of Civil Procedure unless otherwise noted.) The motion was supported by the declaration of Jeffrey F. Webb, counsel for petitioner. He identified the fact that the petition to arbitrate had been filed in the Federal Action, and that it was pending, and he attached a copy of a stipulation dated July 28, 1999, signed by counsel for Lottermoser, that the State Court Action should be stayed pending resolution of the Federal Action.

---

[1] This was actually the second motion on the same subject. The original motion had been filed on July 15, 1999, but a peremptory challenge was served on the original trial judge and the matter was reassigned.

Lottermoser filed opposition to the motion. She argued that petitioner had failed to diligently proceed with its petition in the Federal Action and suggested that this "inaction vests this Court with the absolute discretion to deny [petitioner's] motion herein." Relying on the third paragraph of section 1281.4, she argued the court had discretion to deny the stay because her FEHA claim did not qualify for treatment under the collective bargaining agreement.

On November 8, 1999, the motion was denied by the trial court with the following explanation:

"THE COURT: The motion is denied for the grounds stated in the opposing papers.

"I am persuaded by the reasoning that a union may not prospectively waive an employee's right to a judicial forum to hear the employee's statutory discrimination claim. And that, therefore, employee covered by collective bargaining agreement requiring arbitration of all employment-related claims is not required to arbitrate the claim for racial discrimination.

"That is set out in the California cases, particularly Torrez, T-o-r-r-e-z.

"And I think that the plaintiff's elaboration, reasoning, based on federal authorities, is meritorious.

"And I've also consulted various portions of standard reference treatises, including 2 Witkin California Law, 9th Edition, Agency, Section 309. The same work, 8th Volume, Constitutional Law, Section 766. And another section in the Agency portion, 446."

On November 15, 1999, petitioner filed a petition for alternative and peremptory writ of mandate or other appropriate relief with us, challenging the trial court ruling.

On December 16, 1999, we issued a temporary stay order and an alternative writ of mandate addressed to respondent to either set aside its order of November 8, 1999, and enter a new order granting the stay, or show cause "why a peremptory writ of mandate ordering you to do so should not issue on the ground Code of Civil Procedure section 1281.4 does not authorize the trial court to deny a motion for stay based upon the merits of the application to compel arbitration pending in another court or upon delay by the party who filed the application for arbitration to obtain a prompt hearing on the application by the other court."

No return or any other form of opposition has been filed by real party in interest.

## DISCUSSION

The second and third paragraphs of section 1281.4 are pertinent to our discussion and provide as follows:

"If an application has been made to a court of competent jurisdiction, whether in this State or not, for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending *shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined* and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

"If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only." (Italics added.)

This statute is clear and unambiguous: it requires that the trial court stay an action pending before it while an application to arbitrate the subject matter of the action is pending in a court of competent jurisdiction. (*Marcus v. Superior Court* (1977) 75 Cal.App.3d 204, 209 [141 Cal.Rptr. 890].) There is no specific or implied exception contained within the statute to preclude its application for dilatory action by a party seeking to arbitrate the matter. Relief based on such a claim should be presented to the court entertaining the application to arbitrate, as well as any substantive arguments relating to whether arbitration is appropriate under the facts presented.

The third paragraph of section 1281.4 is also inapplicable to the present case. "In order to avail oneself of this remedy, a party is required to bring an appropriate motion and to prove that his or her claim is *independent* from the matter in arbitration. [Citation.]" (*Federal Ins. Co. v. Superior Court* (1998) 60 Cal.App.4th 1370, 1375 [71 Cal.Rptr.2d 164].) Here, the subject matter of the State Court Action is identical to the subject matter of the petition to arbitrate.

We conclude that the trial court acted in excess of its authority by denying the motion.

At oral argument, we were advised by counsel for petitioner that the district court has now ruled on and denied the petition to compel arbitration.

Counsel for real party in interest confirmed this and the parties so stipulated in open court. Counsel for petitioner requested that we extend our stay order pending resolution of its appeal from denial of the petition to arbitrate. We decline the invitation. We have nothing in the record before us to establish whether in fact an appeal has been perfected and the parties have not addressed the legal ramifications of an appeal on the issues addressed in this proceeding.

### DISPOSITION

Because the district court has denied the petition to compel arbitration, this proceeding has become moot. The petition is dismissed and the alternative writ and temporary stay previously issued by this court, having served their purposes, are dissolved. Each party to bear its own costs.

Vogel (C. S.), P. J., and Curry, J., concurred.

A petition for a rehearing was denied April 7, 2000.