[No. G038645. Fourth Dist., Div. Three. Jan. 23, 2009.]

OLDCASTLE PRECAST, INC., Plaintiff and Respondent, v. LUMBERMENS MUTUAL CASUALTY COMPANY et al., Defendants and Appellants.

COUNSEL

Kellam McLain and Newton W. Kellam for Defendants and Appellants.

Braun & Melucci and Kerri M. Melucci for Plaintiff and Respondent.

OPINION

FYBEL, J.—

INTRODUCTION

Defendants Lumbermens Mutual Casualty Company (Lumbermens) and Safeco Insurance Company of America (Safeco) (collectively, defendants) appeal from a summary judgment entered in favor of plaintiff Oldcastle Precast, Inc., doing business as Utility Vault Company (plaintiff). In granting the motion for summary judgment, the trial court found no triable issue of material fact existed as to Lumbermens's liability, as surety, on a payment bond in favor of plaintiff or Safeco's liability, as surety, on a stop notice bond release for plaintiff.

We affirm the judgment. We publish this opinion because of our analysis of the substantive deficiencies of defendants' opposition to plaintiff's motion for summary judgment and the trial court's proper exercise of discretion in denying defendants' requests for a continuance of the hearing on the motion and the opportunity to submit a revised responsive separate statement. Parties opposing a motion for summary judgment are not entitled to an automatic do-over of their opposition to the motion. Nothing in Code of Civil Procedure section 437c or in the well-reasoned opinion of *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197 [35 Cal.Rptr.3d 411] (*Parkview Villas*) required the trial court in this case to continue the

hearing on the summary judgment motion and permit defendants to file a revised responsive separate statement.

## FACTS SHOWN BY MOVING PAPERS

General contractor Pinner Construction Company, Inc. (Pinner), and the Orange County Sheriff's Department entered into a public works construction contract for a project known as the " 'OCSD—Theo Lacy Jail Expansion, Phase Three, Building B Project' " (the project). Pinner and Intra-American Foundation & Drilling Company, Inc. (Intra-American), entered into a written subcontract agreement, under the terms of which Intra-American agreed to furnish and install the concrete pilings for the project. Pursuant to Civil Code sections 3247 and 3248, Lumbermens, as surety, posted a "Labor and Materials Payment Bond" (the payment bond) with the County of Orange for the project.

Intra-American and plaintiff entered into a sub-subcontract under which plaintiff agreed to supply concrete piling materials to Intra-American for the project. The payment bond posted by Lumbermens, as required by Civil Code section 3248, stated that Lumbermens would pay plaintiff for materials it provided for the project if Intra-American failed to pay plaintiff.

Between May 28 and August 8, 2002, plaintiff furnished prestressed concrete piling materials to Intra-American for use on the project. These materials satisfied the contract documents and were neither defective nor deficient. On July 3, 2002, a release stating plaintiff was owed nothing through June 30, 2002 ($0 release), was mistakenly created. Within 25 to 30 minutes of the $0 release's creation, plaintiff and Intra-American agreed to rescind the $0 release and agreed to a new replacement release reflecting the sum of $46,909.01. Despite assurances it would discard the $0 release, Intra-American sent it to Pinner. Plaintiff itself never sent the $0 release to Pinner.

Plaintiff supplied Intra-American materials totaling $369,974.47, but was paid only $221,443.97, leaving an unpaid balance of $148,530.50. On January 22, 2003, plaintiff filed a stop notice with the County of Orange in the amount of $148,530.50. Safeco, as surety, posted a stop notice release bond in the amount of $185,663.13 (125 percent of the amount of the stop notice filed by plaintiff) and the County of Orange released money otherwise withheld from Pinner as a result of the stop notice filed by plaintiff. Plaintiff prepared a written notice on bond claim which was received by Lumbermens on October 30, 2003.

## PROCEDURAL BACKGROUND

Plaintiff sued to recover the outstanding balance Intra-American had failed to pay it under their contract. Plaintiff's first amended complaint alleged the following claims: (1) breach of written and oral contracts against Intra-American; (2) open book account against Intra-American; (3) account stated against Intra-American; (4) common counts for "Work, Labor, Services and/or Materials Furnished" against Intra-American; (5) action on a payment bond against Lumbermens; (6) action on a contractor's license bond against Star Insurance Company; and (7) action on a stop notice release bond against Safeco. The complaint prayed for judgment in the total amount of $148,530.50.[1]

No cause of action was alleged against Pinner, although it was identified as a defendant in the caption and in the body of the first amended complaint. Pinner participated in the lawsuit, however, through trial and postjudgment motions. Pinner, Lumbermens, and Safeco filed an answer containing a general denial and affirmative defenses.

Before trial, plaintiff argued that evidence of Pinner's reliance on the $0 release was inadmissible because it did not support an equitable estoppel defense for the sureties as a matter of law. The trial court rejected plaintiff's argument; the court concluded the doctrine of equitable estoppel was available as a defense to the sureties under the circumstances of this case, and approved a special verdict form asking the jury to make findings of fact relevant to whether the defense had been proven.

The jury found in favor of Pinner, Lumbermens, and Safeco, and made the special finding that Pinner reasonably relied on the $0 release. Judgment was entered in favor of Pinner, Lumbermens, and Safeco. The court granted Pinner, Lumbermens, and Safeco's motion for prevailing party attorney fees and costs.

Plaintiff appealed from both the judgment and the postjudgment order awarding Pinner attorney fees and costs, arguing (1) the trial court erred by concluding, as a matter of law, that the defense of equitable estoppel was available to Lumbermens on the payment bond claim, based solely on Pinner's reliance on the $0 release; (2) substantial evidence did not support the jury's finding plaintiff intended that others rely on the $0 release; and (3) the trial court erred by awarding Pinner attorney fees and costs.

In an unpublished opinion, this court reversed the judgment, holding the trial court erred by concluding that Lumbermens could assert equitable

---

[1] According to the parties' joint statement of the case, Star Insurance Company settled with plaintiff, and Intra-American entered into a stipulated judgment before trial.

estoppel as a defense against plaintiff's action on the payment bond, based solely on Pinner's reliance on an incorrect release. (*Oldcastle Precast Inc. v. Pinner Construction Co., Inc.* (May 11, 2006, G035133) [nonpub. opn.].) In light of our holding, we did not reach plaintiff's other arguments regarding the sufficiency of the evidence plaintiff intended others to rely on the $0 release or the award to Pinner of attorney fees and costs.

Following remand, plaintiff filed a motion for summary judgment, or for summary adjudication, of three specified causes of action: (1) the breach of written contract claim against Intra-American; (2) the action for recovery on the payment bond against Lumbermens; and (3) the action for recovery on the stop notice release bond against Safeco. In support of the motion, plaintiff filed a separate statement setting forth 46 proposed undisputed material facts. Plaintiff relied on proposed undisputed material facts Nos. 1 through 11 in seeking judgment against Intra-American, Nos. 12 through 33 in seeking judgment against Lumbermens, and Nos. 34 through 46 in seeking judgment against Safeco. Plaintiff also filed (1) plaintiff's attorney's declaration, which authenticated certain documents plaintiff lodged with the court; (2) a notice of lodgment with attached exhibits (including certain trial documents and testimony); (3) the declaration of plaintiff's regional product manager and attached exhibits; and (4) a request that the court take judicial notice of certain documents filed earlier in the case to which the pertinent documents were attached. The separate statement cited portions of those filed documents as supporting evidence for plaintiff's proposed undisputed material facts.

In opposing the motion, defendants filed a responsive separate statement of disputed material facts, which only listed plaintiff's proposed undisputed material facts Nos. 26, 27, 28, and 32; plaintiff had relied upon those four facts in the portion of its separate statement addressing its claim against Lumbermens. As to each of those proposed undisputed material facts, the responsive separate statement stated the nature of defendants' dispute and cited to pages 246 through 252 of the trial testimony of Intra-American's president, Salvador Altamirano. Those seven pages of trial testimony were authenticated by defendants' attorney, Newton Kellam, in his declaration, also filed in opposition to plaintiff's motion. Defendants did not propose any additional material facts (disputed or undisputed) in the responsive separate statement.

Defendants did not file or otherwise assert any evidentiary objections to the evidence relied upon by plaintiff in its motion. Plaintiff, however, filed objections to Altamirano's trial testimony relied on by defendants on the grounds they misstated his testimony and Altamirano lacked personal knowledge of the assertions attributed to him.

The trial court sustained plaintiff's evidentiary objections and granted plaintiff's motion. The trial court's notice of ruling stated, in relevant part: "1. The Motion . . . for Summary Judgment/Summary Adjudication on its 1st, 5th & 7th Causes of Action of its operative complaint: [¶] A. Granted as requested as to the 1st Cause of Action for Breach of Contract against Intra-American Foundation & Drilling Company. Moving Party has met its initial burden, and there is no Opposition by Intra-American. There are no triable issues of material fact raised in Undisputed Material Facts Nos. 1–11. [¶] B. Granted as requested as to the 5th Cause of Action for Recovery on the Payment Bond as against Lumbermens Mutual Casualty Company. [¶] (1) The Objections to the Evidence in the Opposition by Lumbermens Mutual are Sustained. [¶] (2) The Requests for Judicial Notice are Granted. [¶] (3) Moving Party has met its initial burden, and there are no triable issues of material fact raised in Undisputed Facts Nos. 12–23. [¶] C. Granted as requested as to the 7th Cause of Action for Recovery on the Stop Notice Release Bond as against Safeco Insurance Company of America. [¶] (1) The Objections to the Evidence are Sustained. [¶] (2) The Requests for Judicial Notice are Granted. [¶] (3) Moving Party has met its initial burden, and there are no triable issues of material fact raised in Undisputed Facts Nos. 34–46. [¶] D. The Motion for Summary Adjudication as to the 1st, 5th, and 7th Causes of Action is also Granted as a matter of law based upon the holding recently made on this case by the District Court of Appeal."

An amended judgment was entered, awarding judgment in favor of plaintiff and against Intra-American and defendants, jointly and severally, for (1) a principal amount of $148,530.50; (2) $147,007.18 in prejudgment interest; (3) $120,610 in attorney fees; and (4) $11,490.46 in costs.

Defendants appealed.[2] This court granted defendants' request that we take judicial notice of the joint appendix and reporter's transcript contained in our appellate record in the earlier appeal (*Oldcastle Precast Inc. v. Pinner Construction Co., Inc., supra,* G035133).

## DISCUSSION

Defendants contend the trial court erred by granting summary judgment against Lumbermens on plaintiff's claim for action for recovery on the payment bond and against Safeco on plaintiff's claim for recovery on a stop notice release bond. As we explain in detail *post*, plaintiff met its initial burden of proof on its claims against defendants. Neither Lumbermens nor Safeco, however, met its burden of establishing a triable issue of material fact

---

[2] Intra-American has not filed a notice of appeal or otherwise appeared in these appellate proceedings.

as to any element of the claim asserted against it or as to any available affirmative defense. The trial court, therefore, did not err by granting summary judgment against defendants.

## I.

### STANDARD OF REVIEW AND BURDENS OF PROOF

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].)

Section 437c, subdivision (p)(1) of the Code of Civil Procedure provides: "For purposes of motions for summary judgment and summary adjudication: [¶] (1) A plaintiff or cross-complainant has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on that cause of action. Once the plaintiff or cross-complainant has met that burden, the burden shifts to the defendant or cross-defendant to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant or cross-defendant may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto."

The Supreme Court has explained: "[H]ow the parties moving for, and opposing, summary judgment may each carry their burden of persuasion and/or production depends on *which* would bear *what* burden of proof at trial. Again, in *Reader's Digest* [*Assn. v. Superior Court* (1984) 37 Cal.3d 244 [208 Cal.Rptr. 137, 690 P.2d 610]], we held to the effect that the placement and quantum of the burden of proof at trial were crucial for purposes of summary judgment. [Citation.] . . . Thus, if a plaintiff who would bear the burden of proof by a preponderance of evidence at trial moves for summary judgment, he must present evidence that would *require* a reasonable trier of fact to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment *as a matter of law*, but would have to present his evidence to a trier of fact. By contrast, if a defendant moves for summary judgment against such a plaintiff, he must present evidence that would require a reasonable trier of fact *not* to find any underlying material fact more likely than not—otherwise, *he* would not be entitled to judgment *as a matter of law*,

but would have to present *his* evidence to a trier of fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 [107 Cal.Rptr.2d 841, 24 P.3d 493], fns. omitted.)

## II.

### PLAINTIFF MET ITS INITIAL BURDEN OF PROOF AGAINST LUMBERMENS ON THE ELEMENTS OF ITS CASE, BUT LUMBERMENS DID NOT MEET ITS BURDEN OF ESTABLISHING THE EXISTENCE OF A TRIABLE ISSUE OF MATERIAL FACT WITH RESPECT TO ANY OF THOSE ELEMENTS.

### *A.*

### *Public Works Payment Bonds*

▮ Public works payment bonds, governed by Civil Code section 3247 et seq., provide a cumulative remedy to unpaid subcontractors on public works projects. "Unlike private works contracts, an unpaid subcontractor on a public works project may not seek recovery from the real property. '[P]rinciples of sovereign immunity do not permit liens for persons furnishing labor or supplies on public property . . . .' [Citation.] In the place of a lien, the unpaid subcontractor may proceed against the general contractor by way of the payment bond requirements of Civil Code section 3247 et seq. These statutes ' "give to materialmen and laborers who furnish material for and render services upon public works an additional means of receiving compensation." [Citation.]' " (*Federal Ins. Co. v. Superior Court* (1998) 60 Cal.App.4th 1370, 1372–1373 [71 Cal.Rptr.2d 164], italics omitted.)

▮ Civil Code section 3248, subdivision (c) requires that public works payment bonds inure to the benefit of materialmen and subcontractors of any tier of a public works project and that any such materialmen or subcontractors may maintain a direct action against the sureties. (Civ. Code, § 3248, subd. (c) [payment bond must, "by its terms, inure to the benefit of any of the persons named in Section 3181 so as to give a right of action to those persons or their assigns in any suit brought upon the bond"]; *Federal Ins. Co. v. Superior Court, supra,* 60 Cal.App.4th at p. 1373.) A surety's liability under a public works payment bond arises when a contractor fails to pay for work performed by materialmen or subcontractors under the contract. (*Federal Ins. Co. v. Superior Court, supra,* 60 Cal.App.4th at p. 1373.)

*B.*

*Plaintiff Met Its Initial Burden of Proof on Its Claim for
Recovery on the Payment Bond.*

In moving for summary judgment against Lumbermens on its claim for recovery on the payment bond, plaintiff provided evidence establishing the following: (1) the project is a public works construction project; (2) Pinner and Intra-American entered into a subcontract under which subcontractor Intra-American agreed to install concrete pilings for the project; (3) Intra-American and plaintiff entered into a sub-subcontract under which plaintiff agreed to supply concrete piling materials to Intra-American for the project; (4) plaintiff supplied prestressed concrete piling materials to Intra-American that "satisfied the requirements of the contract documents" and were not "defective or deficient"; (5) Intra-American owed plaintiff $369,974.47 for the prestressed concrete piling materials but only paid plaintiff $221,443.97, leaving an unpaid balance of $148,530.50; (6) Lumbermens, as surety, posted the payment bond with the County of Orange which, in conformity with Civil Code section 3248, provided, "if any subcontractor fails to pay 'for any materials . . . used in or for or about the work under the Contract . . . the Surety shall pay for the same' "; (7) plaintiff prepared a preliminary 20-day notice, which was received by Pinner on June 10, 2002; and (8) plaintiff prepared a written notice on bond claim, dated October 28, 2003, which was received by Lumbermens on October 30, 2003.

Defendants neither objected to the evidence relied upon by plaintiff nor argue on appeal plaintiff failed to produce evidence relevant to any element of its claim. Instead, citing *Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 503 [10 Cal.Rptr.3d 568], defendants argue plaintiff has not met its initial burden of proof because it failed to establish facts negating certain affirmative defenses, including release and estoppel. Defendants contend they produced evidence that "at least raised triable issues of material fact regarding the validity and issuance of the releases in question, and Pinner's reliance on the $0 release; and [plaintiff] did not meet its burden of proof that no such issues existed."

Plaintiff's *initial* burden of proof in moving for summary judgment, however, did not include disproving any affirmative defenses asserted by defendants. As discussed *ante*, Code of Civil Procedure section 437c, subdivision (p)(1) provides a plaintiff meets the burden of showing there is no defense to a cause of action "if that party has proved each element of the cause of action." Upon meeting that burden, the burden shifts to the defendant "to show that a triable issue of one or more material facts exists as to that cause of action *or a defense thereto.*" (Code Civ. Proc., § 437c,

subd. (p)(1), italics added; see also *Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 853 ["summary judgment law in this state no longer requires a plaintiff moving for summary judgment to disprove any defense asserted by the defendant as well as prove each element of his own cause of action. . . . All that the plaintiff need do is to 'prove[] each element of the cause of action.' "]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2008) ¶ 10:235, p. 10-89 (rev. # 1, 2006) [when plaintiff moves for summary judgment "[u]nlike former law, it is not plaintiff's initial burden to disprove affirmative defenses and cross-complaints asserted by defendant"].) *Hamburg v. Wal-Mart Stores, Inc., supra*, 116 Cal.App.4th 497, 503, in which the defendants moved for summary judgment, does not hold otherwise.

Therefore, plaintiff met its initial burden of proof in moving for summary judgment against Lumbermens by carrying its burden of producing evidence establishing the elements of its claim for recovery on the payment bond without regard to potential affirmative defenses.

### C.

### Lumbermens Did Not Meet Its Burden of Establishing a Triable Issue of Material Fact As to Any of the Elements of an Action on a Payment Bond.

As discussed *ante*, once the plaintiff has met the initial burden, "the burden shifts to the defendant or cross-defendant to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant or cross-defendant may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(1).)

Defendants do not contend Lumbermens carried the burden of producing evidence establishing a triable issue of material fact with regard to any of the evidence produced by plaintiff in meeting its initial burden. The responsive separate statement did not advance additional disputed or undisputed material facts. Although it challenged four of plaintiff's proposed undisputed material facts, each of them related to the availability of affirmative defenses, not to the elements of recovery on a payment bond.[3]

---

[3] The four proposed undisputed material facts Lumbermens challenged in the responsive separate statement were (1) "[t]he -0- dollar release through June 30, 2002 was a

III.

PLAINTIFF MET ITS INITIAL BURDEN OF PROOF AGAINST SAFECO,
BUT SAFECO DID NOT MEET ITS BURDEN OF ESTABLISHING THE
EXISTENCE OF A TRIABLE ISSUE OF MATERIAL FACT AS TO ANY OF
THE ELEMENTS OF PLAINTIFF'S CASE.

A.

*Stop Notice Release Bonds*

In addition to seeking recovery on a payment bond, a subcontractor can recover sums due for supplies provided to a public works project by serving a stop notice, under Civil Code section 3181 et seq., upon the public entity responsible for the public works project. It is "the duty of the public entity, upon receipt of a stop notice . . . , to withhold from the original contractor . . . money . . . due or to become due to that contractor in an amount sufficient to answer the claim stated in the stop notice and to provide for the public entity's reasonable cost of any litigation thereunder." (Civ. Code, § 3186.)

Civil Code section 3196 authorizes the posting of a stop notice release bond as follows: "If the original contractor or subcontractor disputes the correctness or validity or enforceability of any stop notice, the public entity may, in its discretion, permit the original contractor to file with the public entity a bond executed by a corporate surety, in an amount equal to 125 percent of the claim stated in the stop notice conditioned for the payment of any sum which the stop notice claimant may recover on the claim together with his costs of suit in the action, if he recovers therein. Upon the filing of such bond with the public entity, the public entity shall not withhold any money . . . from the original contractor on account of the stop notice. The surety or sureties upon such bond shall be jointly and severally liable to the stop notice claimant with the surety or sureties upon any payment bond . . . ." (See *Department of Industrial Relations v. Seaboard Surety Co.* (1996) 50 Cal.App.4th 1501, 1508 [58 Cal.Rptr.2d 532] ["Although an action on a [payment] bond may be joined with an action on a stop notice claim, the two are independent remedies and one is cumulative to the other."].)

---

mistake by Intra American"; (2) "[w]ithin 25 min. Intra American agreed to rescind -0- release"; (3) "Intra American agreed to replace the -0- release with the May 30, 2002 release"; and (4) "Intra American told [plaintiff] it would discard the mistaken -0- release." As discussed *ante*, the trial court sustained plaintiff's objections to the evidentiary basis for Lumbermens's challenge.

## B.

### *Plaintiff Carried Its Initial Burden.*

In addition to reiterating the undisputed material facts established to support summary judgment on the payment bond against Lumbermens, plaintiff also produced evidence establishing that (1) after Intra-American failed to pay it $148,530.50 for contract-conforming concrete piling materials for the project, plaintiff filed a stop notice with the County of Orange in the amount of $148,530.50 on January 22, 2003; and (2) Safeco, as surety, posted a stop notice release bond in the amount of $185,663.13 (125 percent of the amount of the stop notice filed by plaintiff), and the County of Orange released the money that would otherwise have been withheld from Pinner as a result of the stop notice filed by plaintiff.

In the opening brief, defendants generally argue that plaintiff did not meet its initial burden of proof with regard to its motion for summary judgment. However, the responsive separate statement did not mention plaintiff's claim against Safeco or offer any opposition to it. Furthermore, defendants did not object to plaintiff's supporting evidence and do not argue plaintiff failed to produce evidence in support of an element of the case for recovery on a stop notice release bond against Safeco. Defendants do not even address any elements of a case for an action on a stop notice release bond in either of their appellate briefs.

The trial court, therefore, correctly concluded plaintiff carried its initial burden in establishing its claim for an action on a stop notice release bond and the burden shifted to Safeco to either produce evidence disputing any element of plaintiff's claim or produce evidence demonstrating a triable issue of material fact as to an affirmative defense.

## C.

### *Safeco Did Not Carry Its Burden of Showing the Existence of a Triable Issue of Material Fact As to Any Element of Plaintiff's Stop Notice Release Bond Claim.*

As the responsive separate statement fails to identify plaintiff's claim for action on the stop notice release bond against Safeco, it also fails to state that *any* of plaintiff's proposed undisputed material facts were in dispute, or advance any additional facts that would show the existence of a triable issue of material fact as to any element of that claim. Neither of defendants' appellate briefs argues Safeco showed the existence of a triable issue of material fact as to an element of plaintiff's claim against it. Defendants,

therefore, did not show the existence of a triable issue of material fact as to plaintiff's case for recovery on the stop notice release bond.

## IV.

### DEFENDANTS FAILED TO CARRY THEIR BURDEN OF PROVING A TRIABLE ISSUE OF MATERIAL FACT AS TO ANY AFFIRMATIVE DEFENSE AGAINST THE PAYMENT BOND CLAIM OR THE STOP NOTICE RELEASE BOND CLAIM.

We next address whether Lumbermens or Safeco carried its respective burden of showing the existence of a triable issue of material fact as to any available affirmative defense. As noted in sections III.B. and III.C. of this opinion, defendants' responsive separate statement does not identify plaintiff's claim for action on the stop notice release bond against Safeco or offer any opposition to that claim. (Code Civ. Proc., § 437c, subd. (b)(3) [providing trial court discretion to grant summary judgment motion when opposing party fails to comply with separate statement requirement].) For purposes of our analysis, we construe the contents of the responsive separate statement to apply to plaintiff's claims against both defendants. Because Lumbermens's and Safeco's arguments regarding affirmative defenses overlap, we address them together. For the reasons discussed *post*, we conclude neither Lumbermens nor Safeco carried its burden.

### A.

*Defendants Failed to Show the Existence of a Triable Issue of Material Fact As to Whether Plaintiff Waived or Released Its Claims Against Them.*

Defendants contend they successfully opposed plaintiff's motion for summary judgment by showing the existence of a triable issue of material fact as to whether plaintiff waived or released its claims. Code of Civil Procedure section 437c, subdivision (b)(3) requires that an opposition to a motion for summary judgment "shall include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 10:189, p. 10-69 (rev. # 1, 2008)

["Failure to comply with this requirement may, in the court's discretion, constitute a sufficient ground for *granting* the motion!"].)

"The requirement of a separate statement from the moving party and a responding statement from the party opposing summary judgment serves two functions: to give the parties notice of the material facts at issue in the motion and to permit the trial court to focus on whether those facts are truly undisputed." (*Parkview Villas, supra*, 133 Cal.App.4th 1197, 1210.)

The entire substantive portion of defendants' two-page responsive separate statement states as follows:

"JUDG[]MENT ON THE FIFTH CAUSE OF ACTION
FOR RECOVERY ON THE PAYM[]ENT BOND SHOULD
NOT BE ENTERED

| "Alleged Undisputed Fact: | Disputing Evidence: |
|---|---|
| "26. The -0- dollar release through June 30, 2002 was a mistake by Intra American | Intra American did not know of the mistake until September 2002[.] R.T. 246-252 |
| "27. Within 25 min. Intra American agreed to rescind -0- release | Intra American made no such agreement. R.T. 246-252 |
| "28. Intra American agreed to replace the -0- release with the May 30, 2002 release | Intra American made no such agreement. R.T. 246-252 |
| "32. Intra American told [plaintiff] it would discard the mistaken -0- release | Intra American was not asked anything about the release until November 2002. This position also [*sic*] inconsistent with September demand for payment. R.T. 246 252" |

The responsive separate statement's reference, "R.T. 246-252," is to the trial testimony of Altamirano; copies of those pages of trial testimony were attached to Kellam's declaration. Through Altamirano's testimony, defendants contend they demonstrated the existence of a triable issue of material fact as to whether Intra-American was aware that the $0 release was a mistake or agreed to rescind and replace the $0 release with a corrected release.

The trial court, however, properly sustained plaintiff's evidentiary objections to Altamirano's testimony on the grounds the responsive separate

statement misstated Altamirano's testimony and Altamirano lacked personal knowledge of assertions defendants attributed to him. In the cited pages of trial testimony, Altamirano did not testify whether Intra-American agreed to rescind, discard, and replace the $0 release with a corrected release. Nor did he testify Intra-American was unaware the $0 release was a mistake until September 2002.

As pointed out in plaintiff's evidentiary objections, Altamirano testified about Intra-American's *general* practices of requesting releases and forwarding them to prime contractors, without regard to the events surrounding Intra-American's receipt of the subject $0 release. He testified an Intra-American employee handled such releases. He did not testify whether that employee, or any other Intra-American employee responsible for handling releases, was aware the $0 release was a mistake or agreed to its rescission and replacement with a corrected release.

Aside from citing to Altamirano's testimony, defendants did not offer any evidence to show the existence of a triable issue of material fact as to whether plaintiff waived or released its claims. Nor did defendants advance any additional material facts on this subject.

At oral argument, defendants argued plaintiff's separate statement itself created a triable issue of material fact as to the applicability of release or waiver. Not so. Although the separate statement acknowledged the $0 release, it also cited admissible evidence showing that, within 25 to 30 minutes, Intra-American agreed to rescind and discard the $0 release and replace it with a corrected release.

Therefore, defendants failed to carry the burden of showing the existence of a triable issue of material fact as to whether plaintiff waived or released its claims against them.

*B.*

*Safeco Failed to Show a Triable Issue of Material Fact As to the Affirmative Defense of Equitable Estoppel.*

Defendants contend the trial court erred by granting plaintiff's motion for summary judgment against Safeco because defendants "properly raised the defense of equitable estoppel" to plaintiff's claim for action on the stop notice release bond. We first address defendants' contention the trial court erred by relying on our earlier opinion to conclude the affirmative defense of equitable estoppel was unavailable to Safeco as a matter of law. (*Oldcastle Precast Inc. v. Pinner Construction Co., Inc., supra,* G035133.)

In our prior opinion, we held, as a matter of law, Lumbermens could not assert the affirmative defense of equitable estoppel as surety on the payment bond, solely based on Pinner's reliance on an incorrect release signed by plaintiff. (*Oldcastle Precast Inc. v. Pinner Construction Co., Inc., supra*, G035133.) Lumbermens does not argue otherwise in this appeal.

■ Our prior opinion did not address the same question as to Safeco as surety on the stop notice release bond under Civil Code section 3196. A surety may defend an action on a public works stop notice release bond based on "any defense the general contractor could assert to payment of the claim (e.g., defects in performance of work by claimant)." (Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2008) ¶¶ 6:3119, 6:3121, p. 6I-33 (rev. # 1, 2008); see *Milo Equipment Corp. v. Elsinore Valley Mun. Water Dist.* (1988) 205 Cal.App.3d 1282, 1288 [253 Cal.Rptr. 126] [contractor as a principal is liable on stop notice release bond].) A general contractor's possible defenses against an action on a stop notice release bond inure to the benefit of the bond's surety. Thus, if equitable estoppel were proven as a defense in favor of Pinner, that defense would inure to the benefit of Safeco.

Thus, the trial court incorrectly granted summary judgment against Safeco on the basis that our earlier opinion compelled such a result. However, the trial court also granted summary judgment against defendants on the ground no triable issue of material fact existed as to plaintiff's claims against them. We therefore next consider if defendants established a triable issue of material fact as to whether plaintiff might be equitably estopped from asserting its claim against Safeco.

■ To prove equitable estoppel, one must show (1) a representation or concealment of material facts; (2) made with knowledge, actual or virtual, of the facts; (3) to a party ignorant, actually and permissibly, of the truth; (4) with the intention, actual or virtual, that the ignorant party act on it; and (5) the ignorant party relied on it. (*San Diego Mun. Credit Union v. Smith* (1986) 176 Cal.App.3d 919, 923 [222 Cal.Rptr. 467].) The responsive separate statement does not identify equitable estoppel as a defense raised in opposition to plaintiff's motion for summary judgment or the elements of that defense.

Defendants contend the portion of Kellam's declaration summarizing the trial testimony of a Pinner representative, Denny Orem, is sufficient to show the existence of a triable issue of material fact that Pinner relied to its

detriment on the $0 release.[4] It is not. Neither Kellam's declaration nor Orem's testimony is referenced in the responsive separate statement. The trial court, therefore, had discretion not to consider such evidence. (*San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316 [125 Cal.Rptr.2d 499] [whether to consider evidence not referenced in a separate statement "rests with the sound discretion of the trial court, and we review the decision to consider or not consider this evidence for an abuse of that discretion"].)

Nothing in the record, however, shows the trial court did not consider Kellam's declaration, and defendants do not argue otherwise on appeal. Even assuming the trial court considered the summary of Orem's trial testimony contained in Kellam's declaration, that summary is insufficient to establish a triable issue of material fact. Orem's sworn testimony was not before the trial court, and no copies of the trial transcript were attached to Kellam's declaration or otherwise before the trial court on the motion for summary judgment. Thus, the court had before it only Kellam's description of such testimony, which neither demonstrated Orem's personal knowledge of Pinner's reliance on the $0 release nor her competence to testify as required by section 437c, subdivision (d) of the Code of Civil Procedure which provides, in part: "Supporting and opposing affidavits or declarations shall be made by any person on personal knowledge, shall set forth admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavits or declarations."

Safeco therefore failed to carry its burden of showing a triable issue of material fact existed as to whether plaintiff was equitably estopped from pursuing its claim against Safeco.

---

[4] The entire portion of Kellam's declaration summarizing Orem's trial testimony states, as follows: "Denny Orem, a representative of Pinner, testified that after she had received the zero release form from [plaintiff] she contacted [plaintiff] to confirm that the release was correct and there was no balance owed them for the month of June. She was told that the form was correct and no money was owed [plaintiff] for the month of June, 2002. (R.T. 719-722). In reliance on this release as well as the verbal confirmation, Pinner paid Intra-American $305,000 directly for the month of June instead of issuing a 'Joint Check' naming both Intra-American and [plaintiff]." Kellam's declaration's reference to "R.T. 719-722" apparently refers to the reporter's transcript prepared in the first appeal in this matter. The record does not show that a copy of the reporter's transcript was before the trial court on the motion for summary judgment.

# V.

## The Trial Court Did Not Abuse Its Discretion by Denying Defendants' Request to Continue the Hearing and Submit a Revised Responsive Separate Statement.

Citing *Parkview Villas, supra*, 133 Cal.App.4th 1197, defendants contend the trial court abused its discretion by refusing to grant defendants' request for a continuance of the hearing on the summary judgment motion and the opportunity to revise their responsive separate statement. Neither Code of Civil Procedure section 437c nor *Parkview Villas* supports defendants' argument.

In *Parkview Villas, supra*, 133 Cal.App.4th 1197, 1202–1203, the plaintiff sued an insurer for its handling of the plaintiff's claim for damage to a condominium complex; the defendant insurer moved for summary judgment. In opposition, the plaintiff filed a responsive separate statement, a memorandum of points and authorities to which was attached the seven-page declaration of a licensed public insurance adjuster and general contractor, a four-page declaration of a registered professional engineer specializing in civil and structural engineering, and a seven-page declaration of "an individual with extensive experience in the insurance industry as an expert who has previously testified regarding the standard of care for insurance companies." (*Id.* at pp. 1203–1205.) The opposition also included the declarations of the plaintiff's property manager, two condominium owners at the plaintiff's complex, and the plaintiff's trial counsel. (*Id.* at p. 1204.)

The plaintiff's responsive separate statement did not (1) specify the nature of its dispute regarding some of the defendant's proposed undisputed material facts or (2) specifically describe the evidence (e.g., provide citations to page and line numbers) that supported its position those facts were controverted as required by former rule 342(f) of the California Rules of Court. (*Parkview Villas, supra*, 133 Cal.App.4th at p. 1210.) The plaintiff's responsive separate statement, however, "was not wholly deficient";[5] it "clearly indicated which of [the defendant]'s proposed undisputed facts it contended were 'disputed'

---

[5] In the responsive separate statement, the plaintiff admitted five of the 29 undisputed material facts proposed by the defendant; disputed another 17 proposed undisputed material facts on the ground the defendant had failed to present any admissible evidence to support them (and asserted evidentiary objections to the defendant's supporting evidence); and disputed the remaining seven proposed undisputed material facts by restating its evidentiary objections and by citing to the declarations the plaintiff had attached to its opposition. (*Parkview Villas, supra*, 133 Cal.App.4th at p. 1204.) The plaintiff also advanced six of its own proposed undisputed material facts, which were supported by reference "to the entirety of certain of the declarations [the plaintiff] had submitted," and "filed several hundred pages of documentary evidence with its opposition papers." (*Id.* at pp. 1204–1205.)

and provided references to the supporting evidence upon which it relied, the only two essential elements for an opposing party's separate statement specified in [Code of Civil Procedure] section 437c, subdivision (b)(3)." (133 Cal.App.4th at p. 1210.) The trial court granted summary judgment based on the plaintiff's inadequate responsive separate statement. (*Id.* at pp. 1207–1208.) Refusing to consider evidence submitted by the plaintiff in opposition to the motion due to the responsive separate statement's failure to provide sufficiently specific citations to such evidence, the trial court stated, " '[t]his court is not required to comb the 37 pages of declarations and hundreds of pages of attached documents to unearth evidence supporting plaintiff's position. ▇ "All material facts *must* be set forth in the separate statement." ' " (*Id.* at p. 1208.) Evoking the so-called "golden rule" of summary judgment, the trial court explained, " ' " '[i]f it is not set forth in the separate statement, *it does not exist.*' " ' " (*Ibid.*)[6]

The appellate court in *Parkview Villas, supra,* 133 Cal.App.4th 1197, 1202, 1213, reversed the trial court, reasoning: "[M]ost cases citing the so-called golden rule are readily distinguishable from the case at bar, either because they involve the failure of the *moving* party to file a proper separate statement or because the defect is the failure to identify the *disputed material fact,* rather than the evidence supporting it. As to the first point, although both moving and opposing parties are required by statute and rule to file separate statements, the trial court's exercise of the discretion authorized by [Code of Civil Procedure] section 437c to deny a motion for summary judgment, which simply means the case will proceed to trial, is more readily affirmed than a decision to grant the motion based on a curable procedural default, which deprives the opposing party of a decision on the merits."

The *Parkview Villas* court continued: "As to the second point, although sometimes apparently overlooked [citation], the 'it' in [the] 'golden rule,' . . . [citation], is the undisputed material fact, which must appear in the separate statement or be disregarded, not the underlying evidence supporting the fact. [Citations.] *The corollary for an opposing party, unless it wishes to advance additional disputed or undisputed material facts, is that it clearly indicate which of the facts contained in the moving party's separate statement it disputes.* [Citation.] Each party *also must supply a 'reference to the supporting evidence' in its separate statement* [citation], but the evidence itself is not part of either the statutory requirements for a separate statement or the 'golden rule.' " (*Parkview Villas, supra,* 133 Cal.App.4th at p. 1214, italics added; see *id.,*

---

[6] A panel of this court in *San Diego Watercrafts, Inc. v. Wells Fargo Bank, supra,* 102 Cal.App.4th 308, 315, earlier cast doubt on the so-called golden rule, stating: "In spite of this unquestioned acceptance of the 'Golden Rule,' we respectfully submit the statute demands a rule composed of a baser metal. The 'Golden Rule' fails to note that the statute speaks in terms of the trial court's discretion . . . ."

fn. 11 [citing Zebrowski, *The Summary Adjudication Pyramid* (Nov. 1989) 12 L.A. Law. 28, 29, for the proposition "[i]t is the undisputed facts, not the supporting evidence, that must be listed in the separate statement in the Zebrowski model"].)

In *Parkview Villas, supra,* 133 Cal.App.4th 1197, 1214–1215, the court held that "in the absence of extraordinary circumstances not present here, a trial court faced with an opposing party's defective separate statement plainly indicating which proposed material facts are disputed and including at least general references to the evidence supporting its position does not have the discretion to enter a judgment against that party solely as a result of that party's failure to explain the nature of the dispute and to provide sufficiently specific citations to the evidence supporting its position." Instead, the court explained, "if the trial court is not prepared to address the merits of the motion in light of the deficient separate statement," it should "give the opposing party an opportunity to file a proper separate statement rather than entering judgment against that party based on its procedural error." (*Id.* at p. 1211.)

*Parkview Villas, supra,* 133 Cal.App.4th 1197, does not support defendants' argument that, here, the trial court abused its discretion by refusing to continue the hearing on the motion for summary judgment and provide them the opportunity to submit a revised responsive separate statement. In contrast to the record in *Parkview Villas,* in this case (1) the responsive separate statement did not identify waiver, release, or equitable estoppel as an affirmative defense challenging plaintiff's motion for summary judgment; (2) the responsive separate statement did not advance any proposed material facts (disputed or undisputed) showing the existence of a triable issue of material fact as to the affirmative defense of waiver, release, or equitable estoppel, including reliance; (3) the only evidence, cited by the responsive separate statement in an attempt to show four of plaintiff's proposed undisputed material facts were controverted, was properly ruled inadmissible by the trial court; (4) the responsive separate statement did not refer to Safeco or plaintiff's claim against Safeco; (5) the responsive separate statement did not respond at all to the undisputed material facts proposed by plaintiff in moving for summary judgment against Safeco; (6) the responsive separate statement did not refer to Kellam's declaration or to Orem's trial testimony referred to in Kellam's declaration; and (7) Orem's trial testimony, as summarized by Kellam in his declaration, was not before the trial court in deciding plaintiff's motion for summary judgment.[7]

---

[7] "The absence of even a general reference to the evidence supporting the opposing party's claim that a proposed material fact is disputed is quite different from the failure of an opposing party to comply with the specific citation requirements of [former] rule 342" of the California Rules of Court. (*Parkview Villas, supra,* 133 Cal.App.4th at p. 1214, fn. 12.)

In *Parkview Villas*, the responsive separate statement's deficiencies consisted of its "failure to *explicitly* state the *nature* of the dispute" as to certain proposed undisputed material facts and failure to cite evidence before the court with sufficient specificity. (*Parkview Villas, supra*, 133 Cal.App.4th at p. 1211, italics added.) Here, in contrast, we regard defendants' failures to be substantive and not merely a " 'curable procedural defect.' " (*Id.* at p. 1216; see *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364, fn. 16 [63 Cal.Rptr.3d 483, 163 P.3d 160] [citing *Parkview Villas, supra*, 133 Cal.App.4th 1197, 1215, for proposition abuse of discretion may be found in order granting summary judgment based upon a violation of a procedural rule that was not willful or preceded by history of abuse of pretrial procedures].)[8] In many ways, this case involving substantive defects of an insufficient responsive separate statement and lack of supporting admissible evidence before the court is the opposite bookend to *Parkview Villas, supra*, 133 Cal.App.4th 1197, and the circumstances there of curable procedural defects in an otherwise proper responsive separate statement.[9]

■     Under Code of Civil Procedure section 437c, a party opposing summary judgment does not have an automatic right for a second chance to prepare a responsive separate statement or present evidence. Instead, the party must demonstrate a reason for the trial court to exercise its discretion. " 'Generally, power to determine when a continuance should be granted is within the discretion of the court, and there is no right to a continuance as a matter of law.' [Citation.] 'However, Code of Civil Procedure section 437c mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion.' [Citation.]" (*Lucas v. George T. R. Murai*

---

[8] *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89 [5 Cal.Rptr.2d 220] and *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152 [57 Cal.Rptr.2d 200] are factually distinguishable. In *Security Pacific Nat. Bank v. Bradley, supra*, 4 Cal.App.4th 89, 98–99, the appellate court reversed an order granting the plaintiff's summary judgment motion because the in propria persona defendant's failure to file a separate responsive statement to the plaintiff's second motion for summary judgment was not a willful refusal to comply with the statute. The appellate court noted the defendant, through counsel, had previously filed a responsive separate statement to the plaintiff's first motion for summary judgment and the defendant apparently believed that responsive separate statement also applied to the second motion. (*Id.* at p. 98.) The court added that the defendant's "[f]ailure to file a new responsive statement was a curable defect from which the [plaintiff] suffered no prejudice." (*Ibid.*) In *Kalivas v. Barry Controls Corp., supra*, 49 Cal.App.4th 1152, 1161, the appellate court reversed an order granting summary judgment after the opposing party failed to file a separate statement because she had been misled by an unauthorized local courtroom rule. No circumstances similar to those in either of these cases are present in the instant case.

[9] The record in this case does not contain any explanation why the responsive separate statement ignored the express requirements of Code of Civil Procedure section 437c, subdivision (b)(3).

*Farms, Inc.* (1993) 15 Cal.App.4th 1578, 1586 [19 Cal.Rptr.2d 436].)
Defendants filed no such affidavit and do not contend they needed a
continuance to obtain essential facts. We see nothing in the record warranting
a continuance.

■ The summary judgment statute expressly permits the trial court to
exercise its sound discretion in its treatment of the failure to file a sufficient
responsive separate statement. (Code Civ. Proc., § 437c, subd. (b)(3).) The
trial court here carefully reviewed and analyzed the moving and opposition
papers, and concluded defendants' responsive separate statement did not
dispute any element of plaintiff's case against them and defendants failed to
carry their burden regarding an affirmative defense. For the reasons we have
discussed, we cannot conclude that the trial court abused its discretion by
declining to grant a continuance in this case.

For all the reasons discussed *ante*, the motion for summary judgment was
properly granted against defendants.

## VI.

### PLAINTIFF'S MOTION TO DISMISS THE APPEAL AND MOTION FOR SANCTIONS

Plaintiff filed a motion to dismiss the appeal and a motion seeking
sanctions against defendants on the ground they "both consented to, and
acquiesc[ed] in, the judgment." Plaintiff cites to portions of the reporter's
transcript at the hearing on the motion for summary judgment where defend-
ants' counsel appeared to stipulate to summary judgment on behalf of his
clients, as a matter of law, in light of our prior opinion in this case. The
record shows that, during that brief hearing, defendants' counsel repeatedly
stated he would stipulate to judgment against his clients, as a matter of law.
With the exception of stipulating to the point of law that the defense of
equitable estoppel was not available to Lumbermens, as surety, on the
payment bond, counsel's comments were inconsistent with the arguments he
presented at the hearing. It appears counsel might have intended to use the
word "submit" instead of "stipulate." In any event, the record is not suffi-
ciently clear to warrant dismissing this appeal or imposing sanctions based on
the argument defendants have improperly appealed from a consent judgment.
Plaintiff's motions are therefore denied.

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

Rylaarsdam, Acting P. J., and Aronson, J., concurred.