Filed 7/1/15  Phillips v. So-Cal Dominoids, Inc. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| HEATHER PHILLIPS et al., | D065381 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2013-00056664-CU-OE-CTL) |
| SO-CAL DOMINOIDS, INC. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Reversed and remanded with directions.

Andrews Lagasse Branch & Bell and Jonathan D. Andrews, Michael J. O'Connor, Jr., Kelly Folger; Van Vleck Turner & Zaller, and Daniel John Turner for Defendants and Appellants.

Niddrie Fish & Addams and John S. Addams; Hogue & Belong and Jeffrey L. Hogue, Tyler J. Belong, Bryce A. Dodds; The Cooper Law Firm and Scott B. Cooper; The Phelps Law Group and Marc H. Phelps; The Carter Law Firm and Roger R. Carter for Plaintiffs and Respondents.

In this case, the superior court interpreted agreements unambiguously requiring arbitration of *any* employment-related claims or disputes, so as to contradict the very agreement by permitting plaintiffs to proceed in superior court with a putative class action complaint alleging in part wage and hour violations under the Labor Code, claims covered by the arbitration agreements at issue. In doing so, the court impermissibly invalidated the parties' arbitration agreement without deciding whether plaintiffs showed a valid contract defense or that any other statutory exception applied. Because this was error, we reverse the order denying arbitration of plaintiffs' individual claims and direct the trial court on remand to address issues that it did not reach in view of its order. We affirm the order to the extent it denies arbitration of plaintiffs' representative cause of action under the Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.).

Plaintiffs and respondents Heather Phillips and Jonathan Reider sued defendants and appellants So-Cal Dominoids, Inc. and D.O.S. Pizza, Inc. (collectively Dominos), alleging, among other claims, wage and hour violations under the Labor Code on behalf of themselves and a putative class of employees. They also sought to bring a representative PAGA claim. Dominos moved to compel arbitration and to dismiss plaintiffs' class and representative claims based on alternative dispute resolution agreements (ADR agreements) they signed in connection with their employment. The trial court denied the motion, ruling the ADR agreements "carved out" class and representative actions from binding arbitration and that the individual and class-wide

2

claims were factually and legally intertwined, thus permitting plaintiffs' class and representative claims to proceed in superior court.

Dominos appeals, contending that (1) plaintiffs' ADR agreements require arbitration of all employment-related disputes on an individual basis and contain a valid class action waiver; (2) state laws purporting to render the agreements invalid on grounds of unconscionability are preempted; and (3) plaintiffs' PAGA claim, which Dominos concedes may not be waived, must be bifurcated from plaintiffs' individual claims and stayed pending arbitration of the individual claims. We find merit to Dominos' first contention, and conclude that under the ADR agreements, plaintiffs agreed to arbitrate all disputes on an individual basis and waived their right to bring class claims in any forum. Because the trial court denied Dominos' petition in its entirety, it did not address whether the agreements are unconscionable or whether plaintiffs' PAGA claims should be bifurcated and/or stayed. We reverse its order and direct it on remand to decide the questions of procedural and substantive unconscionability raised by the parties. If the court finds the ADR agreements not unconscionable, it must grant the petition to compel arbitration, dismiss plaintiffs' class action allegations, and bifurcate and stay plaintiffs' PAGA claims pending arbitration.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011 and 2012, plaintiffs entered into the ADR agreements with their then employers, So-Cal Dominoids, Inc. and D.O.S. Pizza, Inc. The ADR agreements state that they are governed by the Federal Arbitration Act (the FAA; 9 U.S.C. § 1 et seq.). The ADR agreements further state that the parties "hereby agree that any covered dispute

3

arising between them shall be resolved according to [this agreement]" and that "[t]he purpose of this ADR agreement is to resolve any disputes that may arise between the Parties in a timely, fair and individualized manner." The ADR agreements include a provision for "**Covered Disputes**" that states: "This ADR agreement shall apply to any claim or dispute arising out of or related to the employment relationship or its termination including, but not limited to, claims of wrongful termination, harassment, discrimination, breach of contract, tort claims, violation of statute, non-payment of wages, and all other similar claims."

The ADR agreements also include a provision excluding claims of nonparties. Specifically, section V of the ADR agreements states:

> "**Claims of Non-Parties Excluded From Arbitration.**
> The Parties wish to resolve any disputes between them in an individualized, informal, timely, and inexpensive manner and to eliminate, to the maximum extent possible, any resort to litigation in a court of law. Consequently, the Arbitrator shall not consolidate or combine the resolution of any claim or dispute between the two Parties to this ADR Agreement with the resolution of any claim by any other party or parties, including but not limited to any other employee of the Company. Nor shall the Arbitrator have the authority to certify a class under Federal Rule of Civil Procedure Rule 23, analogous state rules, or Arbitrator's rules pertaining to class arbitration, and the Arbitrator shall not decide claims on behalf of any other party or parties."

In July 2013, Phillips filed a class action complaint for damages against Dominos asserting various causes of action based on Dominos' failure to pay wages and meet other employment-related obligations. Phillips, along with Reider, eventually filed a first amended class action complaint against Dominos alleging causes of action for failure to pay split shift premiums, pay reporting time wages, pay wages due upon ending employment, provide accurate itemized wage statements, provide meal and rest periods,

4

and reimburse mileage expenses, as well as claims for unfair business practices and penalties under the PAGA.

Dominos moved to compel arbitration of plaintiffs' individual claims and to dismiss their class and representative claims under the ADR agreements, which it argued were enforceable and contained express class and representative action waivers. It sought to stay plaintiffs' individual claims pending the arbitration's completion. Plaintiffs opposed the motion, arguing in part that the ADR agreements were substantively and procedurally unconscionable, and unenforceable to the extent they banned class treatment of their claims. Plaintiffs further argued their PAGA claim was not subject to arbitration because any PAGA waiver was unenforceable.[1]

The trial court denied the motion to compel arbitration without prejudice. Pointing to the ADR agreements' provision precluding the arbitrator from resolving third party claims or certifying a class, it ruled the ADR agreements did not apply to class or representative actions. The court reasoned: "Contrary to [Dominos'] argument, the express language of this provision is not a waiver of the right to prosecute a class or representative action. Instead, **this section prohibits the arbitration of class or representative actions.** In other words, this provision 'carves out' class and representative actions from the requirement of binding arbitration. The individual claims and the class wide claims appear, at this time, to be intertwined and dependent on the

---

[1]    Plaintiffs advanced additional arguments in opposition challenging the validity of the ADR agreements as well as the evidence that Phillips assented to or signed them. Plaintiffs also argued any bar to litigating class claims would violate the National Labor Relations Act. They do not repeat these arguments on appeal.

same factual and legal issues. Therefore, this Motion is denied, without prejudice, on this basis." In view of its order, the court did not address whether the ADR agreements were procedurally or substantively unconscionable. The court ruled that in the event a proposed class was not certified and the matter reduced to plaintiffs' individual claims, Dominos would be permitted to renew its motion to compel arbitration.

DISCUSSION

I. *Legal Principles and Standard of Review*

The ADR agreements are governed by the FAA, which preempts state laws inconsistent with the federal act's provisions and objectives. (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [131 S.Ct. 1740, 1745-1747].) A strong public policy favors the enforceability of FAA arbitration agreements. (*Ibid.*) Where the FAA applies, the ADR agreements are "irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2; *American Express Co. v. Italian Colors Restaurant* (2013) ___ U.S. ___ [133 S.Ct. 2304, 2309]; *Garcia v. Superior Court of Los Angeles County* (2015) 236 Cal.App.4th 1138, 1144.) Because arbitration is a matter of contract, "courts must 'rigorously enforce' arbitration agreements according to their terms [citation], including terms that 'specify *with whom* [the parties] choose to arbitrate their disputes,' . . . ." (*American Express Co.*, 133 S.Ct. at p. 2309; *Securitas Security Services USA, Inc. v. Superior Court of San Diego County* (2015) 234 Cal.App.4th 1109, 1125.)

In a petition to compel arbitration, "[t]he petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a

6

party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense. [Citation.] In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.)

The parties agree that the trial court's interpretation of the ADR agreements did not involve disputed facts, and thus we review its ruling de novo. They agree that in general, where the trial court resolves disputed facts, we review its arbitrability decision for substantial evidence. (*Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 683.)

II. *The ADR Agreements Prohibit Plaintiffs from Bringing Class Claims in Any Forum*

Dominos contends that a proper analysis of the ADR agreements shows that plaintiffs expressly agreed to submit all of their employment and wage-related claims to final and binding arbitration, and also validly waived their right to bring any class claims by the nonparty exclusion section. It maintains that any interpretation of the ADR agreements as containing a "carve-out" of class claims, as the trial court so interpreted them, contravenes fundamental rules of contract interpretation that contracts must be construed as a whole, and courts must avoid interpretations that render some clauses meaningless or inoperative. Dominos points out that the ADR agreements are structured so that it logically follows where parties agree to arbitrate all claims, but cannot arbitrate class claims, they have waived any right to bring class claims.

7

Plaintiffs maintain the trial court properly interpreted the nonparty exclusion as a carve-out of class claims from arbitration similar to those in other cases.  They argue that if the language of that exclusion is ambiguous, it must be interpreted against Dominos, and if Dominos sought to bar class action claims in superior court outside of arbitration, it would have stated so in express terms.  Plaintiffs suggest that class action waivers must be clear and unmistakable to be valid, citing case examples of such class action waivers.

Dominos' contentions have merit.  The only logical and permissible reading of the ADR agreements' provisions—liberally construing them, reading them in context, and resolving doubts in favor of arbitration as we must (*Erickson, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 323; *Baker v. Sadick* (1984) 162 Cal.App.3d 618, 623-624; *Bigler v. Harker School* (2013) 213 Cal.App.4th 727, 735, 738)—precludes plaintiffs from bringing *any* employment-related claim, be it individual or class claims, in superior court.  Dominos' syllogism is correct:  When a plaintiff agrees to submit all disputes to an arbitrator, then precludes the arbitrator from resolving disputes of nonparties or certifying a class, the plaintiff cannot pursue a class action in any forum.

The cases cited by plaintiffs as examples of similar "carve outs" from arbitration are inapposite because they contain express exclusions.  In *Bigler v. Harker School*, for example, the arbitration provision stated, "I understand and agree that any dispute involving the School, *except with respect to my obligation to pay tuition or fees*, shall be resolved by arbitration."  (*Bigler v. Harker School*, *supra*, 213 Cal.App.4th at p. 732, italics added.)  The court held that under the broad scope of the arbitration provision

8

("any dispute involving the School"), all of the plaintiff's tort claims were subject to arbitration (*id*. at pp. 738-741) and the "carve-out" for tuition disputes did not contribute to the arbitration agreement being overly harsh or one-sided as to be substantively unconscionable. (*Id*. at pp. 737-738.) In *Rebolledo v. Tilly's, Inc.* (2014) 228 Cal.App.4th 900, a paragraph providing "the parties agreed to mediate 'any dispute arising out of' employment, *except 'workers' compensation claims, unemployment insurance[,] and matters governed by the California Labor Commissioner*' " were held to plainly exempt statutory wage claims from the arbitration agreement. (*Id*. at pp. 916-917, italics added.) The ADR agreements in this case contain no such express exclusions from arbitrability, but broadly state the parties agree to submit to final and binding arbitration "any claim or dispute arising out of or related to the employment relationship or its termination . . . ."[2]

The plain language of the ADR agreement in this case, particularly, the provision that the parties agree to "resolve any disputes between them in an *individualized*" (italics added) manner in arbitration, supports our conclusion. We cannot agree that this language shows the parties carved out class claims from arbitration in view of the scope of the "Covered Disputes" clause. Nor are we persuaded by plaintiffs' assertion that the ADR agreements are structured such that they limit the arbitrator's authority, not their

_____

[2]    Plaintiffs argue that a waiver of an important right must be a voluntary and knowing act, and that they "as class members are entitled to a jury trial, any such waiver must 'appear in clear and unmistakable form.' " But the ADR agreements contain a clear and unmistakable jury waiver. They provide: "In submitting their disputes to final and binding resolution by the Arbitrator, THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL."

9

class claims outside of arbitration. The ADR agreements in this case constitute the parties' unequivocal waiver of their right to bring *any employment related claim* in superior court. And the very type of language appearing in these agreements—construed in its ordinary and popular sense (*Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1129)—has been held to constitute a class action waiver, even when it does not expressly use the terms "class" or "representative" actions. In *Nelsen*, the court explained: "Although [the employer] agreed with [the employee] to arbitrate all kinds of disputes that might arise between *them*, this choice of contractual language, by its ordinary meaning, unambiguously negates any intention by [the employer] to arbitrate claims or disputes to which [the employee] was not a party." (*Id*. at p. 1130.) In another case with a similar arbitration agreement silent as to class claims, the appellate court required the trial court on remand to enter an order dismissing the class action claims from the plaintiff's complaint. (*Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506, 510-511, 517 [employee signed provision that she and her employer would arbitrate disputes arising out of her employment, but provision was silent on the issue of class arbitration; because the agreement identified only two parties to the agreement and made no reference to employee groups or other Kinecta employees, the parties did not agree to authorize class arbitration in their arbitration agreement, requiring dismissal of class action allegations from the complaint].)[3]

---

[3]     Dominos asserts several courts have found valid class action waivers in the face of "almost identical provisions" in cases including *AT&T Mobility LLC v. Concepcion*, *supra*, 563 U.S. ___ [131 S.Ct. 1740], *Iskanian v. CLS Transp. Los Angeles, LLC* (2014)

The United States Supreme Court has held that class action waivers in arbitration agreements are enforceable as a matter of law. (*AT&T Mobility LLC v. Concepcion*, *supra*, 563 U.S. ___ [131 S.Ct. at p. 1753].) Our high court agreed in *Iskanian*, *supra*, 59 Cal.4th at pp. 364-365, and the U.S. Supreme Court denied the employer's petition for writ of certiorari. (*CLS Transp. Los Angeles, LLC v. Iskanian* (2015) 574 U.S. ___ [135 S.Ct. 1155].) Accordingly, we must reverse the trial court's order denying Dominos' petition to compel arbitration. Plaintiffs' claims against Dominos can be adjudicated only in arbitration proceedings on an individual basis, and the ADR agreements' provisions preclude enforcement of their class action claims in any forum.

III. *The ADR Agreements are Unenforceable to the Extent They Seek to Waive Plaintiffs'*

*PAGA Claim and that Claim Must be Stayed Pending Arbitration*

Our conclusion does not extend to plaintiffs' PAGA claim, as to which the trial court properly denied the motion to compel arbitration. Under *Iskanian*, *supra*, 59 Cal.4th 348, the arbitration agreement may not waive plaintiffs' right to bring a

---

59 Cal.4th 348 (*Iskanian*), *American Express Co. v. Italian Colors Restaurant*, *supra*, ___ U.S. ___ [133 S.Ct. 2304], *Jasso v. Money Mart Exp., Inc.* (N.D.Cal. 2012) 879 F.Supp.2d 1038, and *Morvant v. P.F. Chang's China Bistro, Inc.* (N.D.Cal. 2012) 870 F.Supp.2d 831, 835. But the agreements in those cases contain broader language than the ADR agreements in this case. For example, in *AT&T Mobility*, as the court paraphrased it, the agreement broadly provided for "arbitration of all disputes between the parties, but required that claims be brought in the parties' 'individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding' " and further stated that, " 'the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding.' " (*AT&T Mobility*, 131 S.Ct. at p. 1744.) The cases on this issue, however, are fact-specific. In any event, we reject the proposition that an enforceable class action waiver must expressly state that the plaintiff gives up their right to be a class representative or bring class action claims in court.

11

representative PAGA claim. (*Iskanian*, at p. 384 ["[A]n employment agreement [that] compels the waiver of representative claims under the PAGA . . . is contrary to public policy and unenforceable as a matter of state law"]; see *Securitas Security Services USA, Inc. v. Superior Court of San Diego County*, *supra*, 234 Cal.App.4th at p. 1119.) Dominos concedes this point. Thus, plaintiffs' PAGA claim survives in superior court.

Because the trial court erroneously denied Dominos' petition to compel arbitration in its entirety, it did not address whether the PAGA claim should be bifurcated and/or stayed, or whether the arbitration of plaintiffs' individual claims should be stayed pending litigation of the PAGA claim. For the first time on appeal,[4] Dominos argues that bifurcation is *required* by the FAA, specifically title 9 United States Code sections 2, 3 and 4, which assertedly leave no discretion to the trial court but to direct the parties to arbitration and bifurcate the nonarbitrable claims. It further argues that the PAGA litigation should be stayed pending the outcome of plaintiffs' individual claims in arbitration under Code of Civil Procedure section 1281.4, which requires the court to grant a motion to stay when it has ordered arbitration of an issue in the action.

Plaintiffs respond that the better course is to stay the arbitration pending the outcome of their PAGA claims pursuant to Code of Civil Procedure section 1281.2, which states in part: "If the court determines that there are other issues between the petitioner and the respondent which are not subject to arbitration and which are the

_____

4    In support of its motion to compel arbitration, Dominos argued that under the FAA (9 U.S.C. § 3) and Code of Civil Procedure section 1281.4, the court should stay plaintiffs' individual claims pending arbitration. It did not address bifurcation of the PAGA claims, as it had urged dismissal of the PAGA claims.

12

subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies." (Code Civ. Proc., § 1281.2.)[5] "When a party brings a motion to compel arbitration under circumstances in which there may be arbitrable and nonarbitrable issues, the trial court should 'first determine[ ] the arbitrable and nonarbitrable claims alleged in the complaint, order[ ] all of the arbitrable claims to arbitration, and stay[ ] all such claims pending arbitration. The court would then have . . . discretion to delay its order to arbitrate the arbitrable claims under [Code of Civil Procedure] section 1281.2 [subdivision] (c), only if it first determine[s] that the adjudication of the nonarbitrable claims in court might make the arbitration unnecessary. Absent that determination, the arbitrable claims would proceed to arbitration and the nonarbitrable claims would continue to be litigated in court unless a party moved successfully pursuant to [Code of Civil Procedure] section 1281.4, to stay further litigation of such nonarbitrable claims.' " (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2015) 234 Cal.App.4th 459, 468, quoting *RN Solution, Inc. v.*

[5]    Code of Civil Procedure section 1281.2 provides that the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding *with a third party*, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." (Code Civ. Proc., § 1281.2, subd. (c), italics added.) The section additionally contains independent paragraphs after subdivision (c), including the paragraph on which plaintiffs rely, which applies when there is no third party involved in the court proceeding. (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1521.)

*Catholic Healthcare West*, *supra*, 165 Cal.App.4th at p. 1521.)  Here, we agree with Dominos that resolution of the individual claims will determine whether plaintiffs as a threshold matter are "aggrieved employees" entitled to assert PAGA claims.  (See *Securitas Security Services U.S.A. Inc. v. Superior Court of San Diego County*, *supra*, 234 Cal.App.4th at pp. 1118-1119.)  And we decline to permit plaintiffs to defeat a valid arbitration agreement by pleading an overlapping PAGA claim and arguing for a stay of litigation under Code of Civil Procedure section 1281.2.  Accordingly, arbitration of plaintiffs' individual claims may not be delayed in favor of litigating plaintiffs' PAGA claim.

Code of Civil Procedure section 1281.4 provides in part:  "If a court . . . has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.  [¶] . . . [¶]  If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only."  (See also *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 620.)  On remand, the trial court must, depending on its determination of issues of unconscionability discussed below, order a stay of the PAGA proceedings pending resolution of arbitration under Code of Civil Procedure section 1281.4.  "The stay's purpose is to preserve the status quo until the arbitration is resolved, preventing any continuing trial court proceedings from disrupting and rendering ineffective the arbitrator's jurisdiction to decide the issues that are subject

14

to arbitration." (*Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947, 966, citing *Federal Ins. Co. v. Superior Court* (1998) 60 Cal.App.4th 1370, 1374.)

IV. *The Trial Court Must Address Unconscionability in the First Instance*

As stated, in view of its ruling denying Dominos' petition to compel arbitration, the trial court did not reach the issues of procedural and substantive unconscionability raised by the parties. Plaintiffs urge that the trial court should hear these issues on remand given the "sharply disputed facts," and we agree that is the proper approach.

Though unconscionability is ultimately a question of law for the court to decide, numerous factual issues bear on that determination. (See *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.* (2015) 232 Cal.App.4th 1332, 1349; *Baker v. Osborne Development Corp.* (2008) 159 Cal.App.4th 884, 892.) Accordingly, "[w]here the trial court's determination of unconscionability turned on the resolution of conflicts in the evidence or on factual inferences to be drawn from the evidence, we consider the evidence in the light most favorable to the trial court's determination and review the trial court's factual findings under the substantial evidence standard." (*Grand Prospect Partners*, at p. 1349.) When some facts of a case are determined under the foregoing rule and other facts are undisputed, this court makes its own unconscionability determination de novo. (*Ibid*.) Additionally, the decision whether to sever an unconscionable term from an arbitration provision "is committed to the discretion of the trial court" and the trial court should make that determination in the first instance. (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 503-504 [remanding case to trial court for it to

15

determine whether an unconscionable term should be severed and the remainder of the arbitration provision enforced].)

But "[w]hen the record shows a trial court does not 'undertake the factual inquiry necessary to determine' a question, we may not infer on appeal that factual finding." (*Bouton v. USAA Casualty Ins. Co.* (2008) 167 Cal.App.4th 412, 422.) Indeed, "where . . . a respondent argues for affirmance based on substantial evidence, the record must show the court *actually performed* the factfinding function. Where the record demonstrates the trial judge did not weigh the evidence, the presumption of correctness is overcome." (*Kemp. Bros. Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1477.) This court cannot undertake an analysis without the trial court weighing credibility and making the underlying factual determinations, taking evidence if necessary. (Accord, *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 414 [where enforceability of an arbitration clause depends on which of two sharply conflicting factual accounts is to be believed, the better course would normally be for the trial court to hear oral testimony and allow the parties the opportunity for cross-examination].)

Here, the parties presented conflicting accounts of the circumstances under which plaintiffs signed the ADR agreements. In a supporting declaration, Dominos supervisor Marco Parra stated that "[e]mployees could take as much or as little time as they wanted to review the arbitration agreement and other documents" and he never told Phillips she was required to sign it as a condition of employment. On the other hand, in an opposing declaration, Phillips averred she "felt rushed to sign everything" and the process "was so

16

rushed that I do not even know what I signed." Reider submitted a declaration stating he was "hurriedly presented with an arbitration agreement to sign . . . with no explanation" and he thought he was "required" to sign. Thus, it is for the trial court in the first instance to decide the unconscionability questions raised by the parties. (*Hartley v. Superior Court* (2011) 196 Cal.App.4th 1249, 1258, fn. 4 ["Hartley asks this court to determine whether the arbitration clause in the account agreements is unconscionable. It is not our province, however, to decide this issue in the first instance"].)

DISPOSITION

The trial court's order denying So-Cal Dominoids, Inc. and D.O.S. Pizza Inc.'s petition to compel arbitration is reversed. On remand, the court is directed to decide the questions of procedural and substantive unconscionability raised by plaintiffs Heather Phillips and Jonathan Reider. If the court finds the ADR agreements not unconscionable, it shall grant the petition to compel arbitration, dismiss plaintiffs' class action allegations, and stay plaintiffs' PAGA claim pending arbitration. The parties shall bear their own costs on appeal.

O'ROURKE, J.

I CONCUR:

McCONNELL, P. J.

17

McINTYRE, J., Concurring and Dissenting.

In this case, the superior court correctly interpreted the parties' arbitration agreements as "carving out" class and representative actions from the requirement of binding arbitration. In doing so, the superior court relied on the plain language of the parties' agreements to conclude that the agreements did not operate as wholesale class action waivers; instead, the agreements only prohibited arbitration of such claims. Based upon its liberal construction of the parties' agreements, the majority reverses the superior court, concluding the agreements preclude plaintiffs from bringing any employment-related claim on a class basis in any forum. Because the majority has stretched the parties' agreements beyond their plain language, engaged in a syllogism to create terms in the agreements that do not exist on their face, and improperly resolved a contractual ambiguity, I dissent from the opinion reversing the order which had permitted plaintiffs to pursue class claims in the superior court. I concur with the opinion affirming the order denying arbitration of plaintiffs' Private Attorney General Act of 2004 (PAGA) claim.

Plaintiffs entered into Alternative Dispute Resolution Agreements (the Agreements) with their employers, So-Cal Dominoids, Inc. or D.O.S. Pizza, Inc. (together, Dominos). The purpose of the Agreements was to "resolve any disputes that may arise between the Parties in a timely, fair and individualized manner." The Agreements covered all disputes arising out of the parties' employment relationship, including "violation of statute, non-payment of wages, and all other similar claims." If a dispute could not be resolved informally, the parties agreed to submit it to final and binding arbitration.

The Agreements also included a provision regarding claims by nonparties. That provision stated the following:

> "**Claims of Non-Parties Excluded from Arbitration.**
> The Parties wish to resolve any disputes between them in an individualized, informal, timely, and inexpensive manner and to eliminate, to the maximum extent possible, any resort to litigation in a court of law. Consequently, the Arbitrator shall not consolidate or combine the resolution of any claim or dispute between the two Parties to this ADR Agreement with the resolution of any claim by any other party or parties, including but not limited to any other employee of the Company. Nor shall the Arbitrator have the authority to certify a class under Federal Rule of Civil Procedure Rule 23, analogous state rules, or Arbitrator's rules pertaining to class arbitration, and the Arbitrator shall not decide claims on behalf of any other party or parties."

This case turns on contract interpretation. The majority holds that the only logical and permissible reading of the Agreements' provisions is to preclude plaintiffs from bringing class claims in any forum. I do not agree with this reading of the Agreements as it adds terms that do not exist on the face of the Agreements and is contrary to the language of the writings alone.

"A contract must be interpreted to give effect to the mutual, expressed intention of the parties. Where the parties have reduced their agreement to writing, their mutual intention is to be determined, whenever possible, from the language of the writing alone." (*Ben-Zvi v. Edmar Co.* (1995) 40 Cal.App.4th 468, 473.) As the majority points out, there is a strong public policy in favor of arbitration. (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [131 S.Ct. 1740, 1745-1747]; *Bigler v. Harker School* (2013) 213 Cal.App.4th 727, 735.) However, "we do not add to, take away from, or otherwise modify a contract for 'public policy considerations.'" (*Aerojet-General Corp. v.*

2

*Transport Indemnity Co.* (1997) 17 Cal.4th 38, 75.) Moreover, "[w]e do not have the power to create for the parties a contract that they did not make and cannot insert language that one party now wishes were there." (*Vons Companies, Inc. v. United States Fire Ins. Co.* (2000) 78 Cal.App.4th 52, 59.) "'[W]e do not rewrite any provision of any contract, . . . for any purpose.'" (*Rosen v. State Farm General Ins. Co*. (2003) 30 Cal.4th 1070, 1073.)

Here, the Agreements excluded class claims from arbitration by providing that "the Arbitrator shall not consolidate or combine the resolution of any claim or dispute between the two Parties to this ADR Agreement with the resolution of any claim by any other party or parties, including but not limited to any other employee of the Company. Nor shall the Arbitrator have the authority to certify a class . . . , and the Arbitrator shall not decide claims on behalf of any other party or parties." Contrary to Dominos's assertion, this provision in light of the complete Agreements did not waive class claims altogether. Instead, a plain reading of the provision along with the Agreements in their entirety, leads to a conclusion that the Agreements merely restricted the arbitrator's authority in regard to class claims. The title of the provision, "Claims of Non-Parties Excluded From Arbitration," reinforces that it operated as a carve out rather than a waiver. Simply put, the Agreements do not include a clear class action waiver.

Although I agree with the majority that a class action waiver need not expressly state that a plaintiff gives up his or her right to be a class representative or bring a class action in court, it must be more explicit than the Agreements in this case. Restricting the arbitrator's role in regard to consolidating claims with other parties, certifying a class, and

3

deciding claims on behalf of other parties is not tantamount to a class action waiver, even where plaintiffs agreed to resolve disputes between the parties in timely, fair and individualized manner. A waiver as important as a class action waiver must at a minimum be clear. In my view, the majority is stretching the Agreements by indulging in Dominos's proffered syllogism to find a class action waiver. However, it is not our role to rewrite the parties' Agreements to include a term Dominos wishes were there, even where public policy favors arbitration. (*Aerojet-General Corp. v. Transport Indemnity Co., supra*, 17 Cal.4th at p. 75.) "[J]udicial enthusiasm for alternative methods of dispute resolution must not in all contexts override the rules governing the interpretation of contracts." (*Victoria v. Superior Court* (1985) 40 Cal.3d 734, 739.)

The Agreements are ambiguous at best concerning plaintiffs' ability to bring class claims. "It is a well-settled rule of law that ambiguities in a written contract are to be construed against the party who drafted it. [Citations.] 'In cases of uncertainty . . . the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.'" (*Victoria v. Superior Court, supra*, 40 Cal.3d at p. 745.) In this case, there is no dispute that Dominos drafted the Agreements and provided them to plaintiffs to sign. Because Dominos caused the class action waiver uncertainty to exist, ordinary principles of contract interpretation require that the Agreements be interpreted in favor of plaintiffs. (*Ibid.*)

Based on the foregoing, I would affirm the superior court's order permitting plaintiffs to pursue class claims in the superior court. I concur with the majority's

opinion affirming the superior court's order denying arbitration of plaintiffs' PAGA claims.  (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384.)

Because, in my view, plaintiffs' class and representative claims survive in the superior court, I would affirm the superior court's ruling allowing the claims to proceed and permitting Dominos to renew its motion to compel arbitration in the event the proposed class is not ultimately certified.

Although Code of Civil Procedure section 1281.2 generally requires a trial court to order the parties to arbitrate a dispute once the existence of a valid arbitration agreement covering that dispute is established, subdivision (c) of the statute grants the court discretion to delay its order to arbitrate.  Specifically, section 1281.2, subdivision (c) provides: "If the court determines that there are other issues between the petitioner and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies."

Here, the superior court concluded plaintiffs' class and representative PAGA claims are subject to litigation in court.  Accordingly, the Agreements were limited to arbitration of plaintiffs' individual claims.  The superior court found those claims were "intertwined and dependent on the same factual and legal issues" as plaintiffs' class wide claims.  As a result, the superior court denied Dominos's motion without prejudice, noting that "if the proposed class is not ultimately certified by the [c]ourt, and the

5

litigation is reduced to a controversy involving the individual claims of Plaintiffs, [Dominos is] permitted to renew their [m]otion to compel Plaintiffs to arbitrate their individual claims."  Thus, the superior court essentially delayed making an order on arbitration of plaintiffs' individual claims pending a determination of class certification.

I agree with the superior court that plaintiffs' individual and class wide claims involve the same legal and factual issues.  In the event a class was certified, arbitration in this case would have become unnecessary.

For the foregoing reasons, I would affirm the superior court's order in its entirety.


McINTYRE, J.