Filed 11/6/25  Swinerton Builders v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SWINERTON BUILDERS, | |
| Petitioner, | E087077 |
| v. | (Super.Ct.No. CVME2405344) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| INDUSTRIAL COMMERCIAL SYSTEMS, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Raquel A. Marquez, Judge.  Petition granted.

Beltzer Bangert & Gunnell, LLP, Todd N. Bressler and Kaysie D. Garcia, for Petitioner.

No appearance for Respondent.

1

Kevin T. Cauley, Schwartz Semerdjian Cauley & Evans LLP, for Real Party in Interest.

INTRODUCTION

Petitioner filed a petition for writ of mandate challenging respondent court's denial of petitioner's motion to stay all discovery deadlines until after mediation has occurred. This court invited respondent and real party in interest (RPI) to respond, and notified the parties that this court might issue a peremptory writ in the first instance. Having reviewed and considered the petition and RPI's response, we agree with petitioner that discovery should have been stayed in light of Code of Civil Procedure[1] section 1281.4 and the terms of the Master Subcontract Agreement (MSA). Therefore, we will issue a peremptory writ in the first instance directing respondent court to vacate the portion of its order denying petitioner's motion to stay all discovery deadlines until after mediation occurs, and enter a new order granting the motion for stay.

FACTUAL AND PROCEDURAL HISTORY[2]

Petitioner is a contractor and defendiant engaged in a civil action with real party in interest (RPI), a subcontractor, who sued petitioner after not being paid for work done during the renovation of a large hotel owned by Murrieta Hot Springs Resort, Ltd., (Property Owner). In June 2022, petitioner and RPI entered into a MSA which provided

---

[1] All further statutory citations are to the Code of Civil Procedure unless otherwise noted.

[2] This court's opinion includes a truncated recitation of the facts and procedural history because a full recitation of the underlying facts is unnecessary.

terms and conditions for future work, including how any future disputes would be resolved.

In relevant part, the MSA between petitioner and RPI states, "Neither Party shall proceed with arbitration or litigation until the Parties have mediated the Dispute . . . . The Parties agree to stay any legal or equitable proceedings pending completion of mediation."  The MSA also provides, "For Disputes not resolved by mediation as set forth above, the Parties agree to resolve such Disputes by binding arbitration."

RPI filed their complaint in November 2024.  In February 2025, RPI requested to participate in a global mediation process with Property Owner, petitioner, and other similarly situated subcontractors.  Petitioner indicated that it would be engaging in mediation with Property Owner separately, without the participation of RPI.  Petitioner requested a stipulated stay of proceedings pending the completion of petitioner's mediation with Property Owner as articulated in the MSA, but RPI refused.  RPI instead indicated, "If [petitioner] is prepared to proceed to a mediation that includes [RPI], then [RPI] will agree to stay its action.

Petitioner subsequently filed a motion to compel arbitration.  Respondent court denied the motion, citing *Platt Pacific*, *Inc. v. Andelson* (1993) 6 Cal.4th 307, 321. Respondent court reasoned that where the parties have agreed to resolve disputes by mediation before the right to demand arbitration can arise, seeking resolution by mediation is a condition precedent that must be performed before the contractual duty to submit a dispute to arbitration can be invoked.

Following respondent court's ruling, petitioner sought to schedule mediation with RPI. After discussions about agreeable dates and an agreeable mediator, petitioner and RPI agreed to mediate on November 18th, 2025, with petitioner's preferred mediator.

During the email exchange selecting an agreeable mediation date, RPI stated its intent to serve discovery before mediation occurs. Specifically, RPI's counsel stated, "If [petitioner] continues its failure to fulfill its contractual obligation on mediation, [RPI] will move forward with discovery. If [petitioner] objects to any discovery served, we will need to go through the process available to compel [petitioner] to participate in the discovery process. [RPI] agrees the practical path is to focus on mediation and to get the matter to mediation as soon as reasonably possible. However, delays in the mediation process by [petitioner] will leave [RPI] no choice but to move forward with discovery in the interim." Petitioner responded citing the contractual terms of the MSA to no avail.

On September 9, 2025, RPI served Form and Special Interrogatories, Requests for Admissions and a Request for Production of Documents on petitioner. Petitioner filed another motion to compel arbitration and stay litigation pending completion of scheduled mediation and subsequent arbitration. RPI opposed the motion, stating it was not opposed to a stay of litigation proceedings and participating in arbitration once mediation had been completed, but not before then. Petitioner filed a reply arguing that RPI's attempt to force discovery before the scheduled mediation occurs is improper and in violation of the MSA. Petitioner further noted that RPI conceded that both mediation and arbitration are mandatory.

On October 3, 2025, respondent court vacated the hearing on petitioner's motion for stay pending arbitration and rescheduled the hearing for December 2, 2025. Respondent court then stayed proceedings pursuant to section 1281.4 pending arbitration but did not stay discovery. At the hearing, petitioner indicated it was willing, without waiving its contractual rights, to engage in an informal exchange of information directly for mediation purposes but opposed formal discovery as inconsistent with the MSA's mandatory stay clause. Respondent court declined to stay discovery, confirmed the discovery deadline, and preemptively overruled any objection to outstanding discovery based on the pending motion to compel arbitration.

Petitioner timely filed this petition for writ of mandate and request for immediate stay on October 9, 2025. On October 10, 2025, this court issued a temporary stay of proceedings, including discovery deadlines, and requested an informal response addressing the issue of whether petitioner should be compelled to file discovery responses before mediation is completed. RPI filed their informal response on October 16, 2025. Petitioner filed their reply on October 27, 2025.

STANDARD OF REVIEW

We review discovery orders for abuse of discretion, "because management of discovery lies within the sound discretion of the trial court." (*People v. Superior Court* (*Cheek*) (2001) 94 Cal.App.4th 980, 987.) However, we review the factual underpinnings of a discovery determination for substantial evidence, (*Ibid*.) and where

5

the trial court's determination rests on "incorrect legal premises," our review is de novo. (*People v. Landers* (2019) 31Cal.App.5th 288, 304.)

DISCUSSION

Section 1281.4 provides: "If an application has been made to a court of competent jurisdiction . . . for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined . . . ." (§ 1281.4.) "This statute is clear and unambiguous: it requires that the trial court stay an action pending before it while an application to arbitrate the subject matter of the action is pending in a court of competent jurisdiction. [citation]. There is no specific or implied exception contained within the statute to preclude its application for dilatory action by a party seeking to arbitrate the matter. Relief based on such a claim should be presented to the court entertaining the application to arbitrate, as well as any substantive arguments relating to whether arbitration is appropriate under the facts presented." (*Twentieth Century Fox Film Corp. v. Superior Court* (2000) 79 Cal.App.4th 188, 192.)

"Limited discovery rights are the hallmark of arbitration." (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 689 (*Coast Plaza*).) Through its enactment of the statutory scheme regulating private arbitration, "the Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and

6

relatively inexpensive means of dispute resolution.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9; quoting, *Ericksen*, *Arbuthnot*, *McCarthy*, *Kearney & Walsh*, *Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 323.)

Here, petitioner argues respondent court erred in refusing to stay discovery pursuant to the MSA and section 1281.4. This argument is well-founded. As noted above, RPI does not dispute the MSA's requirement that the parties proceed to mediation and subsequently engage in binding arbitration. RPI's informal response does not provide legal authority or any compelling argument justifying why formal (time consuming and expensive) discovery should proceed under these circumstances. (*Coast Plaza*, *supra*, 83 Cal.App.4th at pp. 689-690.) To allow discovery to proceed when petitioner's right to compel mediation and arbitration are uncontested would serve to subvert the benefit of arbitration being an inexpensive means of dispute resolution.

DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate the portion of its order denying petitioner's motion to stay all discovery deadlines until after mediation occurs, and enter a new order granting the motion. The previously imposed stay is lifted upon finality of this opinion in this court. For clarification, the stay imposed by this court neither applies to, nor affects, the mediation currently scheduled between the parties. Petitioner to recover costs. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.