Filed 3/2/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DD HAIR LOUNGE, LLC, | B275388 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC532889) |
| STATE FARM GENERAL INSURANCE COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Fruin, Judge.  Affirmed.

Bendel Law Group and Jason R. Bendel for Plaintiff and Appellant.

Robie & Matthai and Kyle Kveton for Defendants and Respondents.

\* \* \* \* \* \*

This case involves the retroactive effect of a 2016 amendment to Corporations Code section 17707.06,[1] part of the California Revised Uniform Limited Liability Company Act (the Revised Act), which substantially revised the law of limited liability companies (LLC's) in California effective January 1, 2014.  (Stats. 2012, ch. 419, § 20; § 17701.01 et seq.)  The Revised Act provides that upon filing a certificate of cancellation, an LLC's "powers, rights, and privileges shall cease."  (Stats. 2012, ch. 419, § 20; § 17707.08, subd. (c).)  Effective January 1, 2016, however, section 17707.06 was amended to provide that an LLC could file a certificate of cancellation, yet retain its powers of "prosecuting and defending actions by or against it in order to collect and discharge obligations."  (Stats. 2015, ch. 775, § 15; § 17707.06, subd. (a).)

The question we face is whether the 2016 amendment to section 17707.06 applied to a certificate of cancellation filed by plaintiff DD Hair Lounge, LLC (DD Hair), in 2014.  As purely a question of statutory construction, we think it does.  However, DD Hair concealed the certificate of cancellation and then unsuccessfully challenged its authenticity, prolonging the proceedings into 2016 when the changes to section 17707.06 took effect.  Had DD Hair been forthcoming, the case would have been dismissed under the prior law.  It would now be unfair to reward DD Hair's delay by allowing it to take advantage of the 2016 law, so we affirm the judgment dismissing DD Hair's complaint.

## BACKGROUND

DD Hair was formed as an LLC on August 21, 2013, by principal Uche Umeagukwu.  Umeagukwu was familiar with the

---

[1]     All undesignated statutory citations are to the Corporations Code unless noted otherwise.

LLC process because she had previously formed another LLC on May 31, 2012, under the name DE Hair Lounge, LLC, which she cancelled on September 26, 2013, approximately one month after DD Hair was formed. She also formed another LLC called Uche, LLC, on October 24, 2014, while this case was pending.

DD Hair filed a complaint against defendant State Farm General Insurance Company, its insurer, and State Farm agent Leo Gilling (together State Farm) on January 10, 2014, after State Farm did not pay a burglary loss. Almost 10 months later on November 5, 2014, a certificate of cancellation was filed for DD Hair. Umeagukwu purportedly signed it as "president." Consistent with the law at the time, the form stated: "Upon the effective date of this Certificate of Cancellation, this LLC's Articles of Organization (CA LLCs) or Certificate of Registration (registered foreign LLCs) will be cancelled and its powers, rights and privileges will cease in California."

DD Hair did not inform State Farm or the court that the certificate of cancellation was filed. State Farm discovered it in late September 2015, 10 months later. State Farm filed a motion for judgment on the pleadings, arguing the law in effect at the time deprived DD Hair of the power to pursue its case against State Farm after its LLC status was cancelled. In opposition, DD Hair argued Umeagukwu's signature on the certificate of cancellation was forged, and it sought reinstatement from the Secretary of State. DD Hair also filed an ex parte request with the court to reinstate its LLC status. The court denied both the motion and the ex parte application because both procedures required resolution of the disputed authenticity of Umeagukwu's signature on the certificate of cancellation.

The court held an evidentiary hearing on January 8 and 15, 2016, to determine whether the certificate of cancellation was

3

authentic. The court took documentary evidence and heard testimony from Umeagukwu and competing forensic document examiners. On January 25, 2016, the court ruled Umeagukwu's signature was genuine, the certificate of cancellation was validly filed, and DD Hair could not maintain the action against State Farm. The court dismissed the action with prejudice and entered judgment on April 4, 2016.

## DISCUSSION

### 1. Forfeiture

DD Hair's sole contention on appeal is that the 2016 amendment to section 17707.06 gave it authority to continue to prosecute its case, despite filing the certificate of cancellation in 2014. DD Hair failed to raise this argument below, even though doing so could have obviated the need to hold the two-day evidentiary hearing in January 2016. Though we are troubled by DD Hair's failure to cite the key statute, we decline to find this contention forfeited as it raises a pure question of law.

"It is a well-established tenet of appellate jurisprudence that a litigant may not pursue one line of legal argument in the trial court, and having failed in that approach, pursue a different, and indeed, contradictory line of argument on appeal, thus depriving the trial court of the opportunity to consider what the appellant contends on appeal is the real dispute." (*Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1519.) Nonetheless, we may exercise our discretion to address purely legal questions based on an undisputed factual record. (*C9 Ventures v. SVC-West, L.P.* (2012) 202 Cal.App.4th 1483, 1492.) A party "may even 'change the legal theory he relied upon at trial, so long as the new theory presents a question of law to be applied to undisputed facts in the record.' " (*Ibid.*) DD Hair has not challenged the trial court's finding that the certificate of cancellation was authentic and valid, so the only issue

is legal: whether the 2016 change to section 17707.06 applied to the 2014 certificate of cancellation. We will exercise our discretion to consider that issue.

**2. Merits**

As of January 1, 2014, the Revised Act replaced the Beverly-Killea Limited Liability Company Act then in effect. (Stats. 2012, ch. 419, §§ 19-20; *Western Surety Co. v. La Cumbre Office Partners, LLC* (2017) 8 Cal.App.5th 125, 131.) Under the Revised Act, an LLC can follow a two-step process when it elects to end its existence. First, the LLC can file a certificate of dissolution. (§ 17707.08, subd. (a).) As initially enacted, section 17707.06, former subdivision (a) provided a *dissolved* LLC "nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets. A limited liability company shall not continue business except so far as necessary for its winding up." (Stats. 2012, ch. 419, § 20.) At the second step, the LLC can file a certificate of cancellation once its affairs are wound up. (§ 17707.08, subd. (b)(1).) Section 17707.08, subdivision (c) provides that, upon filing the certificate of *cancellation*, "a limited liability company shall be canceled and its powers, rights, and privileges shall cease."

Alternatively, the LLC can skip the dissolution step entirely and proceed directly to cancellation with the agreement of all members, which DD Hair did here. (Stats. 2012, ch. 419, § 20; § 17707.08, former subd. (a)(3).)

Assembly Bill No. 506 (2015-2016 Reg. Sess.) amended the Revised Act effective January 1, 2016. (Stats. 2015, ch. 775.) Assembly Bill No. 506 did not change this basic process of ending an LLC, but it changed section 17707.06 to provide that when an

5

LLC files a certificate of *cancellation*, rather than a certificate of *dissolution*, it "nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets. A limited liability company shall not continue business except so far as necessary for its winding up." (§ 17707.06, subd. (a).)

The summary digest to Assembly Bill No. 506 (2015-2016 Reg. Sess.) explained this change: "Under existing law, the persons who filed the certificate of dissolution are required to sign and file with the Secretary of State a certificate of cancellation of articles of organization upon the completion of the winding up of the affairs of the limited liability company, except as specified. Existing law requires the certificate of cancellation of articles of organization to include, among other things, that upon the filing of the certificate of cancellation, the limited liability company is required to be canceled and its powers, rights, and privileges are required to cease. Under existing law, a limited liability company that is dissolved continues to exist for the purpose of, among other things, winding up its affairs and prosecuting and defending actions by or against it in order to collect and discharge obligations. [¶] This bill would instead provide that a limited liability company that has filed a certificate of cancellation continues to exist for those purposes, as specified." (Leg. Counsel's Dig., Assm. Bill No. 506 (2015-2016 Reg. Sess.) Summary Dig.)

The Revised Act also added section 17713.04, which provides that the entire "title"—that is, the Revised Act—applies to all LLC's existing as of January 1, 2014, and to all acts or transactions undertaken on or after that date. (§ 17713.04, subds. (a), (b).) Assembly Bill No. 506 (2015-2016 Reg. Sess.) made changes to section 17713.04 in 2016, but significantly, it did *not* change the

6

date of January 1, 2014.  To the contrary, Assembly Bill No. 506 expressly reaffirmed that date:  "This bill would limit the applicability of the act to acts or transactions by a limited liability company or by the members or managers of the limited liability company occurring, or an operating agreement or other contracts entered into by the limited liability company or by the members or managers of the limited liability company, on or after January 1, 2014."  (Leg. Counsel's Dig., Assm. Bill No. 506 (2015-2016 Reg. Sess.) Summary Dig.)[2]

"[S]tatutes ordinarily are interpreted as operating prospectively in the absence of a clear indication of a contrary

---

[2]    Section 17713.04 currently reads:  "(a)  Except as otherwise provided in subdivisions (b) and (c), this title shall apply to all domestic limited liability companies existing on or after January 1, 2014, to all foreign limited liability companies registered with the Secretary of State prior to January 1, 2014, whose registrations have not been canceled as of January 1, 2014, to all foreign limited liability companies registered with the Secretary of State on or after January 1, 2014, and to all actions taken by the managers or members of a limited liability company on or after that date.  [¶]  (b) Except as otherwise specified in this title, this title applies only to the acts or transactions by a limited liability company or by the members or managers of the limited liability company occurring, or an operating agreement or other contracts entered into by the limited liability company or by the members or managers of the limited liability company, on or after January 1, 2014.  The prior law governs all acts or transactions by a limited liability company or by the members or managers of the limited liability company occurring, and any operating agreement or other contracts entered into by the limited liability company or by the members or managers of the limited liability company, prior to January 1, 2014."

7

legislative intent. [Citations.] In construing statutes, there is a presumption against retroactive application unless the Legislature plainly has directed otherwise by means of ' "express language of retroactivity *or* . . . other sources [that] provide a clear and unavoidable implication that the Legislature intended retroactive application." ' [Citations.] Ambiguous statutory language will not suffice to dispel the presumption against retroactivity; rather, ' "a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective." ' " (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 955.)

Looking only to the plain language of the Revised Act currently in effect, section 17707.06 clearly applies to DD Hair's certificate of cancellation. State Farm is correct section 17707.06 is itself silent as to any retroactive effect. But section 17713.04 unambiguously provides that the entire Revised Act, which would include section 17707.06, applies to LLC's existing, and acts undertaken, on or after January 1, 2014. DD Hair filed the certificate of cancellation on November 5, 2014, so based on the language of section 17713.04, section 17707.06 would apply.

Section 17707.06 only becomes potentially ambiguous when considering its effective date of January 1, 2016. But even then, Assembly Bill No. 506 (2015-2016 Reg. Sess.) made clear that the Legislature intended the 2016 amendments to apply to any acts undertaken after January 1, 2014. As outlined above, Assembly Bill No. 506 amended *both* section 17707.06 and section 17713.04, but expressly retained the January 1, 2014 date in section 17713.04. The ineluctable conclusion is that the Legislature must have intended the 2016 amendments in Assembly Bill No. 506 to have a limited retroactive effect to acts undertaken on or after January 1, 2014. That would include DD Hair's certificate of cancellation.

Nevertheless, we decline to apply section 17707.06 to reinvigorate DD Hair's right to pursue this case. DD Hair's principal Umeagukwu concealed the November 2014 certificate of cancellation for almost a year before State Farm discovered it in September 2015. Then she claimed the certificate was forged, forcing the trial court to hold an evidentiary hearing, which prolonged the proceedings into 2016, after the change to section 17707.06 became effective. After the hearing, the court found Umeagukwu was familiar with the LLC process in California and found her claim that she did not sign the certificate of cancellation was "mistaken." We can reasonably infer from these findings that Umeagukwu was aware of both the existence and authenticity of the certificate in November 2014. Had she been forthright, DD Hair's case would have been swiftly dismissed and judgment entered based on the Revised Act then in effect. Umeagukwu's delays and denials positioned DD Hair to raise the argument that the newly revised section 17707.06 preserved its rights. There does not appear to be any factual dispute about this and these issues were discussed below and briefed on appeal.

The doctrine of "unclean hands," which applies equally to law and equity, "demands that a plaintiff act fairly in the matter for which he seeks a remedy. He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim." (*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 978 (*Kendall-Jackson*).) This doctrine, which is often tendered as an affirmative defense, actually exists to promote the *court's* interest in "protect[ing] judicial integrity and promot[ing] justice" by preventing a wrongdoer from benefitting from his or her misconduct. (*Ibid.*)

The primary requirement for application of the "unclean hands" doctrine is that the misconduct must relate directly to the

9

"cause at issue." (*Kendall-Jackson, supra*, 76 Cal.App.4th at p. 979.) This is often a complex factual question. However, it is very straightforward in the case at bench. By concealing the certificate of cancellation for nearly a year and then engaging in the time-consuming charade of disingenuously challenging that certificate's authenticity, appellant effectively "stalled" the case to a point at which it could arguably have obtained relief under the rule we have discussed in this opinion. Had DD Hair acted with "clean hands," its claim would have properly been extinguished long before the effective date of the amendment to section 17707.06.

It would be unfair to State Farm to reward DD Hair's behavior by retroactively applying this provision to revive its right to pursue this case.

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

HALL, J.*

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10