Filed 5/24/23  Park v. Beverly OB & GYN Medical Center CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GYOUNG JAE PARK AND YOON HEE CHOE LIFE ESTATE TRUST, BY FELIPA R. RICHLAND AS ATTORNEY IN FACT FOR TRUSTEES HANNAH PARK AND DAVID PARK,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BEVERLY OB & GYN MEDICAL CENTER, INC.,<br><br>    Defendant and Appellant. | B316758<br><br>Los Angeles County<br>Super. Ct. No.<br>20STCV24733 |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed.

        David S. Kim & Associates, David S. Kim, Todd A. Fuson; The Milner Firm and Timothy V. Milner for Defendant and Appellant.

Haney & Shah, Steven H. Haney, Kenneth W. Baisch; Richland Associates and Felipa R. Richland for Plaintiff and Respondent.

———————————

A landlord-tenant dispute culminated in summary judgment for the landlord on its sole claim for declaratory relief. The landlord asked the trial court to declare a commercial lease amendment invalid. The tenant failed to raise a triable issue of material fact as to the amendment's validity. We affirm. Statutory citations are to the Code of Civil Procedure.

The tenant is Beverly OB & GYN Medical Center, Inc., which is owned by Dr. Edward Ahn and which we call Tenant.

Ahn used to own the building through another company. He leased space in the building for his medical practice under a 2011 lease. This lease had a term of five years and provided for three five-year options to extend the lease.

Ahn then sold the building to Sang Kim (through Kim's company) and continued to lease space in the building.

Ahn and Kim amended the lease twice. The first amendment, among other things, reduced the extension options from three to one. Having just one option was Kim's focus—the "most important thing"—in negotiating this amendment.

The second lease amendment is the crux of this case. We return to it shortly.

Kim sold the building in 2013. Eventually it was transferred to a trust, Gyoung Jae Park and Yoon Hee Choe Life Estate Trust, which is the current Landlord.

According to Landlord's complaint, Tenant claimed the second lease amendment afforded it *two* five-year options to extend the lease, which allowed it to stay in the building until

2

2028.  Landlord maintains this version of the amendment—which the parties refer to as Exhibit A—is forged and fraudulent and the real second amendment provides *just one* option, ending in 2023.  The complaint says Landlord notified Tenant of the expiration date and its intent not to renew the lease, but Tenant sought to extend the lease through 2028.  Landlord accordingly sued, seeking a declaration that Tenant's version of the second amendment (Exhibit A) is invalid.

Landlord moved for summary judgment on this issue, backed by Kim's testimony.  Kim maintained the second amendment he signed had just one five-year option, and his intent was to grant Ahn only one option.  He denied the signature on Exhibit A was his, confirmed "I know for sure that this [signature] is not mine" and testified he did not sign a document with two options.  He would not have agreed to give Ahn two options unless he were crazy, and he was not crazy, he testified.

Landlord also supplied the testimony of a "court qualified Certified Forensic Document Examiner."  This expert had studied the lease amendments and drafts, including the documents from Kim's file for the property.  She opined Exhibit A was an altered document; it was a compilation of various drafts of the second amendment; and it included an image of Kim's signature from a different document.  The expert concluded Kim had not signed Exhibit A.

Ahn supplied a declaration opposing Landlord's motion, in which he states:  "I believe the true, operative Second Amendment is the one presented as Plaintiff's Exhibit A, with two renewal terms."  Ahn further declared he is "unlikely to even want to extend [the] Lease past the termination date in 2023."

Ahn devotes much of his declaration to describing the ways in which Landlord has oppressed him.

The trial court granted Landlord's motion and later entered judgment in Landlord's favor.

We independently review the summary judgment decision and apply the familiar standard. (See *Bacoka v. Best Buy Stores, L.P.* (2021) 71 Cal.App.5th 126, 132.) Our independent review shows summary judgment was proper.

Tenant offers three reasons why this result is wrong: 1) there were triable issues of material fact regarding Exhibit A's validity, 2) Landlord failed to negate all of Tenant's affirmative defenses, and 3) there was no actual controversy. Each argument is misguided.

First, the testimony of Kim and Landlord's expert established Exhibit A was invalid. Kim further established the operative second amendment was another exhibit, Exhibit E-5. Ahn did not dispute anything these two witnesses said. Nor did Ahn even say he signed Exhibit A. Instead, he simply offered his *belief* this exhibit was the "true" amendment. But a belief is insufficient to ward off summary judgment. (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 433 [litigant's subjective beliefs do not create a genuine issue of fact]; see also *Mackey v. Board of Trustees of Cal. State University* (2019) 31 Cal.App.5th 640, 656 ["Although a trial court does not 'try' the case or weigh the evidence at summary judgment, it does consider the competency of evidence presented."]; *id.* at p. 657 [declarations must not include opinion].) Tenant thus failed to raise a triable issue of fact regarding the validity of its preferred lease amendment.

4

Second, Landlord did not have to negate the affirmative defenses Tenant raised in its answer. (*Oldcastle Precast, Inc. v. Lumbermens Mutual Casualty Co.* (2009) 170 Cal.App.4th 554, 564–565.) Under section 437c, subdivision (p)(1), a plaintiff moving for summary judgment has the burden of establishing its cause of action, which Landlord did first by showing competing amendments with different options and then by establishing Exhibit A was a fake and Exhibit E-5 was the operative amendment. (See § 1060 [outlining the right of action for declaratory relief].) This shifted the burden to Tenant, who had to raise a triable issue of material fact as to the cause of action or a defense. (See § 437c, subd. (p)(1).)

Tenant failed to raise a triable issue, as explained above.

Tenant argues it established Landlord's unclean hands by outlining its bad acts as a landlord. But the defense of unclean hands requires misconduct directly related to the transaction giving rise to the lawsuit. (*Salas v. Sierra Chemical Co.* (2014) 59 Cal.4th 407, 432; see also *DD Hair Lounge, LLC v. State Farm General Insurance Co.* (2018) 20 Cal.App.5th 1238, 1246 [misconduct must relate directly to the "cause at issue"].) The relevant transaction here concerned the second amendment negotiated *between Tenant and Kim*. Landlord's acts came later and are irrelevant to that negotiation and the resulting lease amendment.

Tenant offered no argument on any other defense but pointed to some of the 29 affirmative defenses raised in its answer. A litigant cannot rely on its unverified pleadings to overcome summary judgment, however. (§ 437c, subd. (p)(1).) Nor was it proper for Tenant to discuss new developments between the parties that lack record support.

5

Third and finally, Ahn's own declaration establishes there was an actual controversy over the operative lease amendment and the parties' rights under the agreement. This was a proper subject for declaratory relief. (See § 1060; see also *Leonard Carder, LLP v. Patten, Faith & Sandford* (2010) 189 Cal.App.4th 92, 98–99 [party need not have instituted a legal claim under an agreement for an actual controversy to exist].)

The controversy was real. Ahn maintained Exhibit A was the right amendment and he had two renewal options under it, which meant he could stay in the building until 2028. Landlord's lawsuit maintained the real amendment had just one option, so it could cut ties with Tenant in 2023. Ahn refused to say he would leave willingly in 2023. His declaration did not dispel the controversy. (See *Babb v. Superior Court* (1971) 3 Cal.3d 841, 848 [declaratory relief operates prospectively, in the interests of preventive justice, to set controversies at rest before they lead to invasions of rights or commissions of wrongs].)

## DISPOSITION

We affirm the judgment and award costs to the respondent.

WILEY, J.

We concur:

GRIMES, Acting P. J.

VIRAMONTES, J.

6